STATE EX REL. REILLY *v.* U. S. FIDELITY & GUARANTY COMPANY OF BALTIMORE, MARYLAND.

[No. 27,499. Filed January 20, 1941.]

*James A. Collins* and *Alvah J. Rucker*, both of Indianapolis, for appellant.

*R. F. Davidson, John A. Royse,* and *Howard P. Travis*, all of Indianapolis, for appellee.

RICHMAN, J.—This is an action by appellant upon a trustee's bond against the surety alone. To the complaint in one paragraph, appellee filed a demurrer for want of facts which was sustained. Upon appellant's refusal to plead further appellee was given judgment

from which this appeal was taken. Error is assigned on the trial court's ruling sustaining the demurrer.

Schuyler A. Haas qualified as trustee of a trust created by the will of Christian F. Wishmier, whose estate was administered by Haas as executor. All the proceedings referred to herein were in the Probate Court of Marion County. As trustee he sold, in 1916, certain real estate for $56,100, and in March, 1917, gave bond with appellee as surety in the penal sum of $60,000, the condition being "that if the above bounden Schuyler A. Haas, shall faithfully discharge the duties of his trust as Trustee under the will of Christian F. Wishmier, deceased, according to law, then the above obligation is to be void. . . ." In June, 1931, beneficiaries instituted proceedings for his removal as trustee and for an accounting. Upon hearing he was removed, December 19, 1933, and John J. Reilly substituted as trustee. Upon the latter's death, William L. Reilly was appointed substitute trustee and qualified. An accounting was made and after hearing, judgment was entered against Haas for $9,942.88 and costs, the judgment including $2,250 for fees of James A. Collins and John W. Holtzman, attorneys, for their services in the proceeding to remove the trustee and in the suit for accounting, and $850 to an accountant for his services in the action for accounting. Haas appealed to the Appellate Court, appellee executing the appeal bond as surety. The judgment was affirmed, May 29, 1934, *Haas* v. *Wishmier's Estate*, 99 Ind. App. 31, 190 N. E. 548, and thereafter paid. Collins and Holtzman on September 8, 1934, applied for allowance for fees as attorneys in the appeal and after hearing an order was entered allowing them $500 which was paid out of trust funds. Haas died October 7, 1934. The administrator of his estate died June 4, 1935, and the next day

the Union Trust Company qualified as such administrator. Exceptions were filed to various reports of Haas, and after hearing judgment was rendered in the sum of $13,674.94. The dates of the hearing or judgment do not appear except that the latter evidently occurred after June 5, 1935, because in the judgment, the Union Trust Company as administrator was ordered to pay the same to William L. Reilly, substitute trustee. That judgment was in fact paid to him by appellee. On March 14, 1936, Collins and Holtzman on their petition, after hearing, were allowed $3,000 for their services on exceptions to the reports of Haas, which was paid by the substituted trustee out of funds of the trust estate, and the same accountant upon similar petition after hearing was allowed and paid $1,207.40 out of the trust estate for his services in auditing the records of Haas. The complaint further charges that all of the proceedings were "actuated because of the misconduct and negligence" of Haas and were made necessary by his conduct and that of appellee in "aiding and abetting" him, that Haas' administrator has allowed the sums as claims against his estate, which is insolvent, but that no part thereof has been paid either by the administrator or appellee and judgment is demanded for $6,000 including $1,000 attorney fees for prosecuting this action.

It is apparent from the facts that the gist of the action is the recovery of attorneys' and accountant's fees incurred and paid out of the trust estate by the substitute trustee, for services in connection with litigation which had culminated in two judgments, neither of which included as costs or damages the fees so paid. These judgments were in favor of the substitute trustee against the former trustee and were paid by the latter's surety before the present action was begun.

Neither the bond nor the statute, § 56-624, Burns' 1933, § 14757, Baldwin's 1934, pursuant to which the bond was given, expressly provided for attorney fees in a suit thereon. The condition of the bond is above stated. The statutory requirement is, "that he will faithfully and honestly discharge the duties of his trust, safely invest the principal sum realized from the sale of said property, pay the interest to the cestui que trust as the same may accrue from time to time, and, at the expiration of the trust, will promptly account for and pay over whatever moneys or assets may be in his hands to the person or persons entitled thereto."

The ruling of the trial court may be sustained on two grounds which we deem sufficient without deciding other questions presented and discussed in the briefs.

In 15 Am. Jur., § 142, p. 551, this rule is stated:

> "Nor are attorneys' fees and other expenses of former litigation, particularly suits prosecuted by the plaintiff against the defendant, recoverable in a subsequent action."

Cited as authority for the text is the case of *Stickney* v. *Goward* (1925), 161 Minn. 457, 459, 201 N. W. 630, 631, 39 A. L. R. 1216. From the opinion therein it appears that a suit had been filed by the widow of a decedent against an insurance company on a certificate under which she claimed as beneficiary. Children of the decedent were substituted as defendants and claimed under a later certificate. The insurance company paid the money to a stakeholder and the issue was between the widow and children, the widow prevailing. She later brought suit against the children for attorney's fees expended by her in the first suit. The cause was dismissed and on appeal the judgment of dismissal was affirmed, the court saying:

"Defendants came in or were brought in as the real parties in interest, and all the costs of the litigation which the law permits were therein taxed against them. There should be no additional liability. If such there be, no lawsuit would see the end, for immediately upon the entry of judgment therein, the winner could start an action against the loser for the attorney's fees in obtaining the judgment."

In the absence of a statute or contract permitting recovery of attorney's fees as costs or otherwise, they are recoverable, if at all, on the theory that they are damages resulting from the defendant's wrongful acts. Like any other elements of damage they should be assessed in the action brought on account of those wrongful acts.

The Supreme Court of Missouri, in *Leslie* v. *Carter* (1916), 268 Mo. 420, 426, 187 S. W. 1196, 1197, was considering "an action to recover the expenses of litigation, including attorneys' fees, alleged to have been incurred by the plaintiff in a former proceeding against the defendant to set aside a deed for fraud, and for an accounting." The court said:

"Moreover, if the damages here sued for were recoverable, a claim therefor should have been included in the principal suit. The splitting up of causes of action tends to unnecessarily burden the courts and increases the cost of litigation."

After expressing the same view, the Supreme Court of California in *Abbott* v. *76 Land & Water Co.* (1911), 161 Cal. 42, 48, 118 P. 425, 428, says:

"In such a case it is no warrant for a second action that the party may not be able to actually prove in the first action all the items of the demand, or that all the damage may not then have been actually suffered. He is bound to prove in

the first action not only such damage as has been actually suffered, but also such prospective damage by reason of the breach as he may be legally entitled to, for the judgment he recovers . . . will be a conclusive adjudication as to the total damage on account of the breach."

In this respect no distinction is made between actions ex contractu and actions ex delicto. *Leslie* v. *Carter, supra; Atchison etc. Ry. Co.* v. *Citizens' T. & P. Co.* (1911), 16 N. M. 163, 113 P. 813, 815.

While the action for accounting and the exceptions to the trustee's reports were all filed in the Probate Court under the general title of the trust, each constituted an action separate from and fully adjudicated before the orders for the allowance of fees were made. After such adjudication it was too late to recover such fees from either the trustee or his surety.

These principles are controlling as to all the items of damage set up in the complaint in the instant case except the sum of $500 for attorney fees in the former appeal and $1,000 for prosecuting this action. The latter, of course, is not recoverable, for the sufficient reason that a losing party is never entitled to attorney fees.

As to the item of $500 another principle may be applied. It is stated in the following language quoted in 39 A. L. R. 1219, from the opinion in *Kolka* v. *Jones* (1897), 6 N. D. 461, 467, 66 Am. St. Rep. 615, 71 N. W. 558:

" 'It is the policy of the law not to throw around the right of the citizen to appeal to the courts for redress such risks that fear of the possible consequences will deter him from asserting a claim he honestly deems himself entitled to enforce. In

ordinary cases the injury a defendant suffers, beyond the slight indemnity which statutory costs afford him, is one of the many inevitable burdens which men must sustain under civil government.' "

The complaint does not state a cause of action.

Judgment affirmed.

NOTE.—Reported in 31 N. E. (2d) 58.