INDIANA STATE BOARD OF DENTAL EXAMINERS *v.* LEVIN.

[No. 30,357. Filed February 15, 1966.]

*Edwin K. Steers,* Attorney General, and *Thomas L. Webber,* Deputy Attorney General, for appellant.

*Owen W. Crumpacker, George V. Burbach* and *Harold Abrahamson,* of Hammond, for appellee.

JACKSON, J.—This is an appeal from the judgment of the Lake Superior Court, Room No. 1, entered in a proceedings

for a judicial review of the action and decision of the Indiana State Board of Dental Examiners, said review being pursuant to Acts 1947, ch. 365, § 14, p. 1451; 1957, ch. 355, § 4, p. 1033, being § 63-3014, Burns' 1961 Replacement.

The factual situation preceding this action appears to have been as follows:

June 24, 1961, charges were filed before appellant seeking revocation or suspension of appellee's license to practice dentistry in the State of Indiana. Notice was given that at a specified place hearing would be had on said charges on July 19, 1961, at 12:00 o'clock, noon. Such notice was duly served on appellee.

At the appointed time and place appellee, in person and by counsel, appeared to defend against the charges filed. The charges against appellee being stated as follows, to-wit:

"(a) That said Saul Solomon Levin has been guilty of gross immorality, within the meaning of that term as defined in clause (3) of Acts of 1913, Ch. 138, Sec. 16, as amended, being the dental licensing statute, as found in Burns' Indiana Statutes (1951 Repl.), Section 63-518;

"(b) That said Saul Solomon Levin has thereby violated clauses (7), (9), and (10) of the above-referred to statute, to-wit:

" '(7) That the holder employs or permits or has employed or permitted any person or persons, in an office under his control or management, to perform any services which such person or persons do not possess a license to do, if a license is required by law;

" '(9) That the holder uses or employs the services, in connection with his practice, of any person or persons who are violating any of the provisions of the statutes of Indiana relating to dentistry;

" '(10) That the holder thereof for reward or otherwise, permits the use of his name, professional ability, connection or association by any person or persons for the practice of dentistry in any manner contrary to this act;' "

Witnesses were sworn, evidence heard on said date, and at the conclusion of the hearing appellant made its finding of facts, and entered an order revoking appellee's certificate and license to practice dentistry in Indiana.

Thereafter, on August 7, 1961, appellee filed a petition to review the board's order which was filed as cause No. 161-164 in the Superior Court of Lake County, Room No. 1. On March 7, 1962, the trial court made its special findings of fact and entered its order which reversed appellant's order in part, affirmed in part, and remanded the cause back to appellant for further proceedings in accordance therewith. Appellant amended its finding and order of revocation on March 28, 1962, and filed the same in cause No. 161-164 of said court. The amending Finding and Order of the Board in pertinent part reads as follows:

". . . the Certificate for a license to practice dentistry in the State of Indiana, heretofore issued by this Board, as well as any license to practice dentistry heretofore issued pursuant to said Certificate by the Clerk of the Circuit Court of Lake County, Indiana, be and the same are hereby revoked . . ."

Thereafter, on April 13, 1962, appellee filed, under separate cause No. 162-80, a petition to review appellant's amended order. Appellee alleged in such petition that the action of appellant was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law; contrary to constitutional right, power, privilege and immunity; in excess of statutory jurisdiction, authority or limitation, or short of statutory right; without observance of the procedure required by law; denial of due process, unsupported by substantial evidence, and that members of the Board and witnesses produced against him were prejudiced against appellee.

On November 7, 1962, the court entered its findings and decision, the same covering ten (10) pages of the transcript (pp. 247-256), the pertinent part thereof in essence provided as follows:

"21. The order of the Indiana State Board of Dental Examiners revoking petitioner's certificate and license to practice dentistry in the State of Indiana be and the same is hereby vacated and set aside.

Appellant brings this appeal pursuant to Acts 1947, ch.

365, § 19, p. 1451; 1957, ch. 355, § 7, p. 1033, being § 63-3019, Burns' 1961 Replacement.

Appellant's Assignment of Errors is as follows:

"The Indiana State Board of Dental Examiners, Appellant herein, says that there is manifest error in the decision, judgment and proceedings in this cause in the trial court in this, to-wit:

"1. The decision of the Court is not sustained by sufficient evidence.

"2. The decision of the Court is contrary to law.

"3. The Court erred in weighing the evidence in this cause, and thereby substituting its Findings and Decision for that of the Appellant Board, when and in spite of the fact that there was substantial and competent evidence of probative value before the said Board to sustain its Findings, Determination and Order.

"4. The Court erred in overruling Appellant's Motion to Dismiss Appellee's appeal in the lower court in Cause Number 162-80 of said court.

"5. The Court erred in its Findings of Fact and Decision by not finding the facts specially and stating its conclusions of law thereon as required by Rule 1-7C of this Court."

Appellant has combined all its assignments of error in one presentation.

The statute, Acts 1947, ch. 365, § 18, p. 1451, being § 63-3018, Burns' 1961 Replacement provides:

"On such judicial review such court shall not try or determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act [§§ 63-3001—63-3030].

"On such judicial review if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.

"If such court finds such finding, decision or determination of such agency is:

"(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

"(2) Contrary to constitutional right, power, privilege or immunity; or

"(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

"(4)  Without observance of procedure required by law; or

"(5)  Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside.  The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.

"Said court in affirming or setting aside the decision or determination of the agency shall enter its written findings of facts, which may be informal but which shall encompass the relevant facts shown by the record, and enter of record its written decision and order or judgment."

The statute further provides that the court may set aside the agency determination if arbitrary, contrary to a constitutional right, in excess of statutory jurisdiction without observance of required procedure, or unsupported by substantial evidence.

The only reviewable action of the trial court before us for consideration is the decree of November 7, 1962.  Both appellant and appellee argue that the decree of March 7, 1962, is res judicata (appellant's brief p. 121, appellee's brief pp. 9-10).  Neither appealed from the March 7, 1962 decree, consequently the same stands in full force and effect, as it pertains to appellant.  Appellee being successful in the trial court could not appeal therefrom, and therefore as to him the doctrine of res judicata is not applicable to estop appellee from contesting any adverse findings contained in the decision and opinion of March 7, 1962. *Kerns et al.* v. *Garrigus* (1959), 130 Ind. App. 133, 162 N. E. 2d 313.

By the findings of the decree of March 7, 1962, the trial court determined that appellant's revocation of appellee's certificate and license to be excessive, unwarranted under the evidence, and an abuse of administrative discretion.  Appellant did not challenge this finding, but made some attempt to comply with the court's order to reconsider.  The court also found that appellant failed to exclude irrelevant, immaterial and hearsay testimony.  Admission of such testimony was in violation of Acts 1947, ch. 365, § 8, p. 1451, § 63-3008, Burns'

1961 Replacement which provides for the exclusion of such testimony.

The trial court on November 7, 1962, also made the following decision at paragraph one thereof:

"1. The Defendant Indiana State Board of Dental Examiners did act in a manner arbitrary and capricious and did commit an abuse of discretion, one clearly against the logic and effect of the facts before said Board, and, did further disregard the views entered on March 7, 1962, in Cause No. 161-164, entitled Saul S. Levin v. Indiana State Board of Dental Examiners."

The trial court heard the case below, and his review of appellant's decision to revoke appellee's certificate and license to practice dentistry in the State of Indiana was within the purview of his judicial discretion. We cannot on appeal substitute our discretion for that of the trial court.

Judgment affirmed.

Arterburn, J., concurs. Meyers, C. J., concurs in result. Rakestraw and Achor, JJ., not participating.

NOTE.—Reported in 213 N. E. 2d 897.