**INDIANA DEPARTMENT OF PUBLIC WELFARE, Appellant (Respondent Below),**

v.

**CHAIR LANCE SERVICE, INC., Appellee (Petitioner Below).**

No. 1–1082A285.

Court of Appeals of Indiana, First District.

May 24, 1983.

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellant.

Michael V. Gooch, Harrison & Moberly, Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

The Indiana Department of Public Welfare (IDPW) appeals the trial court's decision ordering a refund of $10,716.00 to Chair Lance Service, Inc. (Chair Lance). Chair Lance appealed an administrative determination that it had overcharged IDPW for medicaid services. The trial court reversed the administrative determination and ordered a refund. IDPW appeals the decision.

We affirm in part, and reverse and remand in part.

Chair Lance engages in the business of transporting wheelchair patients. It equips its vehicles in such a manner that patients are not removed from their wheelchair during transit. Chair Lance transports both private and medicaid patients. IDPW is the state agency which administers medicaid, a medical assistance program funded jointly by state and federal revenue. IDPW reimburses Chair Lance for transporting medicaid patients.

A routine audit revealed that Chair Lance offered a twenty-five percent discount for immediate payment. A statistical sample of seventeen patients indicated that Chair Lance charged its private patients less than medicaid patients. IDPW admitted that the sample was not random. Chair Lance presented evidence that it offered the discount to IDPW, but IDPW could not avail itself of the discount due to bureaucratic delays in administration. Based upon the sample, IDPW concluded Chair Lance had overcharged $10,716.00 and began withholding a portion of Chair Lance's medicaid reimbursement payments until the deficit was satisfied.

Chair Lance contested this evaluation and sought a refund. A hearing officer concluded that Chair Lance had overcharged IDPW. Chair Lance appealed this determination to IDPW's review board, which affirmed the hearing officer's decision. Chair Lance then sought judicial review. In reversing IDPW's determination, the trial court concluded that IDPW had abused its discretion, that it had acted arbitrarily and capriciously, and that IDPW's findings were not supported by sufficient evidence. The trial court ordered a refund and prejudgment interest.

IDPW raises three issues on appeal. It argues that the trial court erred by applying an incorrect standard of review, that a refund was not proper, and that prejudgment interest should not have been awarded.

IDPW's allegations of error are premised on the principle that a health care provider cannot charge medicaid recipients more than private patients. It relies upon 42 C.F.R. § 447.352(b) as authority for this principle. This regulation provides:

> (b) For all other noninstitutional items or services furnished only under medicaid and not subject to the upper limits specified in § 447.351 or other sections of this part, the agency must not pay more than the customary charge for a provider or the prevailing charge in the locality for comparable items or services under comparable circumstances, whichever is lower. For this purpose, the agency must set prevailing charges on the basis of the combined payments that providers receive from other third party insurers and their subscribers and policyholders.

IDPW contends that Chair Lance's discounting methods violated this regulation.

The first issue IDPW raises is whether the trial court acted contrary to the provisions governing judicial review of administrative determinations, Ind.Code 4–22–1–18, by reweighing conflicting evidence. It is well recognized that in reviewing administrative determinations, a court may not reweigh the evidence. *Clarkson v. Dept. of Insurance,* (1981) Ind.App., 425 N.E.2d 203. IDPW reasons that since Chair Lance has admitted that cash paying private patients pay less than medicaid patients, then the trial court must have reweighed the evidence in reaching its decision. We cannot agree with this reasoning because the facts in this case are not in dispute. The question before the trial court, as well as the administrative hearings, was whether Chair Lance had over-

charged for its services. This question is dependent upon an interpretation of the medicaid regulations and is clearly a question of law.

IDPW has not argued that it followed 42 C.F.R. § 447.352(b) in making its determination, but rather relies upon the case of *Riviere, D.D.S., Inc. v. State*, (1976) 49 Ohio App.2d 38, 358 N.E.2d 1384, as authority that a medical provider cannot base his customary charge solely upon medicaid patients. In *Riviere*, a dentist charged medicaid patients up to six times more for the same charges without any apparent justification. The decision held that the proper method for determining customary charge requires a determination of the charges for the services for a majority of private patients, disregarding the amounts charged for charity, and low income patients. *Riviere* is distinguishable because there was no question of whether the services were similar. Chair Lance argued that its services to medicaid patients differed from its private patients.

Chair Lance presented evidence showing that its services to medicaid patients often included additional services such as special meals for diabetics, medication, and assisting patients with irrigations, intravenous treatments, or oxygen. It also submitted evidence that many of its private patients entered into contracts for a specific number of rides and were charged even if they did not take all of the trips. IDPW only reimburses Chair Lance when it transports a medicaid patient for medical reasons. Private patients employ Chair Lance's services for non-medical reasons as well as medical reasons.

■ We believe the trial court correctly reversed IDPW's decision because it is apparent that IDPW did not comply with 42 C.F.R. § 447.352(b) in making its determination. This regulation requires the administrative agency to pay the provider the customary charge or the prevailing charge for comparable services under comparable circumstances. Customary charge is defined in 42 C.F.R. § 405.502 and can be

calculated pursuant to 42 C.F.R. 405.503.[1] In determining the prevailing charge, the amount providers receive from third party insurers must be included. IDPW did not attempt to delineate whether Chair Lance was offering similar services under similar circumstances. This clearly contradicts 42 C.F.R. § 447.352(b). The only justification that IDPW gives for this malfeasance is contained in its administrative record where it states that no two trips could ever be compared due to the individual nature of the services. We do not believe the nature of services prevents IDPW from including such factors as the providing of medical services, whether the trips are contracted, and whether the trips are essentially charity or substandard charges in making its determination. The trial court correctly reversed IDPW's decision since there was no determination of whether the charges were for similar services under similar circumstances.

IDPW also alleges that the trial court improperly ordered the refund to Chair Lance. IDPW argues that the provisions of I.C. 4–22–1–18 prohibit the trial court from compelling agency action unless the agency action has been unreasonably withheld or delayed. The statute in pertinent part states:

> The court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.

IDPW argues the trial court should have remanded the case for further administrative proceedings.

■ The evidence in this case reveals that IDPW failed to comply with the federal medicaid regulations in determining whether Chair Lance is entitled to a refund. IDPW admits that its sample, which the audit was based, was not random. There was no determination as to whether Chair Lance charged different amounts for similar services under similar conditions. The

---

1. The *Riviere* case is very enlightening on de-    termining the customary charge.

evidence clearly establishes that IDPW failed to follow 42 C.F.R. § 447.352(b) in making its determination; as a result, the administrative decision was contrary to law. The trial court should have remanded the action to IDPW for a determination in accordance with the federal regulations. The trial court's order for a refund is therefore reversed, and this action is remanded to IDPW for a proper determination.

The remaining issue regarding prejudgment interest is moot.

Affirmed in part, and reversed and remanded in part.

RATLIFF and NEAL, JJ., concur.