**INDIANA DEPARTMENT OF PUBLIC WELFARE, Appellant (Respondent Below),**

v.

**CHAIR LANCE SERVICE, INC., Appellee (Petitioner Below).**

No. 49S02–8806–CV–527.

Supreme Court of Indiana.

June 8, 1988.

SHEPARD, Chief Justice.

In this case we consider whether a corporation's attorney can verify a petition for judicial review under the Administrative Adjudication Act. We hold that it can.

Chair Lance Service, Inc., is a Medicaid provider in the business of transporting both private and Medicaid wheelchair patients. The Indiana Department of Public Welfare ("IDPW") reimburses Chair Lance for transporting Medicaid patients. The present controversy began when IDPW withheld certain payments upon its finding that Chair Lance had overcharged. Chair Lance appealed to IDPW's review board and lost. Chair Lance petitioned for judicial review under the Administrative Adjudication Act, Ind.Code § 4–22–1–14 (Burns 1986 Repl.).[1]

The trial court determined IDPW had abused its discretion because it had not complied with a controlling federal regulation. The court ordered a refund of withheld payments and prejudgment interest. The Court of Appeals affirmed and remanded the case to IDPW for determination of the amount to be refunded, stating that the prejudgment interest issue was moot. *Indiana Department of Public Welfare v. Chair Lance Service, Inc.* (1983), Ind.App., 448 N.E.2d 1216.

On September 27, 1983, IPDW sent Chair Lance a check for the principal amount withheld. IDPW wrote to Lloyd Shonkweiler, president of Chair Lance, on September 13 and 27 stating "the Indiana Department of Public Welfare has reached a decision to refund the amount of $10,-716.00.... [This] represents a full refund of the pended payments...." No mention was made of prejudgment interest.

On January 3, 1984, Chair Lance requested prejudgment interest and attorney fees. On March 26 and April 2, 1984, IDPW wrote to Chair Lance's attorney, Michael Gooch, refusing the request. IDPW contended that the September 13, 1983, letter to Shonkweiler was a final administrative decision from which IDPW's administrative regulations provided thirty days for an ad-

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellant.

Michael V. Gooch, Harrison & Moberly, Indianapolis, for appellee.

1. This Act was repealed by 1986 Ind.Acts, P.L. 18, § 2, effective July 1, 1987, and replaced by Ind.Code § 4–21.5–1–1 *et seq.* (Burns Repl. 1986).

ministrative appeal. *See* 470 IAC § 5–1–4 (1984).

Chair Lance immediately petitioned for judicial review of IDPW's refusal to pay attorney fees and prejudgment interest, an issue Chair Lance contended was no longer "moot." The petition incorporated the correspondence between Gooch and IDPW regarding IDPW's denial of interest and fees and was verified by Gooch. The petition also incorporated the affidavit of Jay Michael Brodey, counsel for Chair Lance, attesting to his firm's "long-standing" attorney-client relationship with Chair Lance, and the amount of attorney fees incurred.

IDPW argued that the trial court did not have jurisdiction because Chair Lance's petition was not properly verified by an officer of the corporation, and because Chair Lance had not "timely pursu[ed] his [sic] administrative remedies." The trial court denied IDPW's motion to dismiss and awarded interest to Chair Lance. The court did not address the issue of attorney fees.

After motions to correct error were denied, both parties appealed. The Court of Appeals held that a petition for judicial review must be verified by a corporate officer and reversed. *Indiana Department of Public Welfare v. Chair Lance Service, Inc.*, 506 N.E.2d 840 (Ind.App. 1987)

We grant transfer and address the following issues:

   I.  Whether the verification of a petition for judicial review of an administrative proceeding affecting a party corporation must be made by an officer of the corporation;

  II.  Whether IDPW's March 26 letter to Chair Lance constituted a final administrative determination subject to judicial review;

 III.  Whether the trial court erred in failing to award attorney fees to Chair Lance; and

 IV.  Whether the trial court erred in awarding interest to Chair Lance.

## I. *Verification of Petition*

The Administrative Adjudication Act requires that a petition for judicial review be verified. Indiana Code § 4–22–1–14 states:

Any party or person aggrieved by an order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act. Such review may be had by filing with the circuit or superior court of the county in which such person resides, or in any county in which such order or determination is to be carried out or enforced, a verified petition.

The Act does not specifically indicate who may verify a petition for judicial review on behalf of a corporation. The Court of Appeals has held that verification may be made only by the corporation's executive or administrative officers. *Gary Community Mental Health Center, Inc. v. Indiana Department of Public Welfare* (1986), Ind. App., 496 N.E.2d 1341; *Community Care Centers, Inc. v. Indiana Department of Public Welfare* (1984), Ind.App., 468 N.E. 2d 602. In support of its holding, the *Community Care* court cited *Fidelity & Casualty Co. v. Carroll* (1917), 186 Ind. 633, 117 N.E. 858.

In *Fidelity*, this Court held that an affidavit required by statute to support a petition for a change of judge on grounds of bias must be made by an executive or administrative officer of the party corporation, not by its agent or attorney. The petitioner was a New York corporation doing business in Indiana, and the affidavit in support of its motion was made by the corporation's Indiana district manager. The controlling statute directed that a change of venue be granted "when either party shall make and file an affidavit of the bias, prejudice, or interest of the judge before whom the said cause is pending." *Id.* at 634, 117 N.E. at 859, *quoting* Ind. Code § 422 (Burns 1914).

The *Fidelity* Court found that the language of the statute at issue required that "an affidavit for a change of venue from the judge on the ground of bias, prejudice or interest must be made *by the party*, and not by his agent or attorney...." *Id.* at

635, 117 N.E. at 859 (emphasis in original). The Court's rationale proceeded on the theory that "in a broad sense a corporation always acts through an agent, and can act in no other way" but that there were certain situations in which the corporation could "act for itself through some agency inherent in its corporate form." *Id.* at 635, 117 N.E. at 859, *quoting* 2 Thompson, *Corporations* § 1387 (2d ed.).

Three aspects of *Fidelity* make it less valuable as precedent for the case at bar. First, the statute at issue in *Fidelity* required that the "party shall make ... an affidavit," while the statute in the instant case does not specify who shall make the required verification. Second, the district manager in the *Fidelity* case had no express, implied, or apparent authority to act on behalf of the corporation in the litigation. Third, the reference to the validity of an affidavit made by a corporation's attorney was *dictum;* Fidelity's attorney did not attempt to verify the petition.

■ A corporation is a creature of statute and can neither practice law nor act in person. Out of court it must act through its agents, and in court it must generally act only through an agent who is a licensed attorney. The fundamental principles regarding the authority of an agent of a corporation are substantially the same as those applicable to agents generally. *Cushman v. Cloverland Coal & Mining Co.* (1908), 170 Ind. 402, 84 N.E. 759.

■ The authority of an attorney to act as agent for a corporation may be express or implied. Express authority may be provided in the charter, the by-laws of the corporation, in a resolution of the board of directors not inconsistent with the by-laws, or other written authority such as a memorandum or letter. Implied authority depends on the actual relationship of the corporation and the agent, and not what others may believe about that relationship. Implied authority of an agent binds a corporation only if the agent is performing an act that is appropriate in the ordinary course of a corporation's business; it includes incidental authority necessary, usual, and proper to effectuate the main authority expressly conferred. *See Cushman,* 170 Ind. at 405, 84 N.E. at 760. Implied authority may also arise from a course of conduct showing that the corporation has repeatedly ratified acts of the same kind.

■ An attorney acting as agent for a corporation may only perform acts within the authority granted to him by the corporation. This authority must be within the powers expressly conferred upon the corporation by its charter or by statute. Under the Indiana General Corporation Act, Ind. Code § 23-1-1-1 *et seq.*,[2] a corporation's general rights, privileges and powers included the power "[t]o sue and be sued in its * corporate name," Ind.Code § 23-1-2-2(b)(2), "[t]o appoint such officers *and agents* as the business of the corporation may require," Ind.Code § 23-1-2-2(b)(8) (emphasis added), and "[t]o do all acts and things necessary, convenient or expedient to carry out the purposes for which it is formed." Ind.Code § 23-1-2-2(b)(15).

■ Chair Lance had the statutory authority to appoint an attorney as its agent to exercise its power to sue in its corporate name. Incidental acts necessary and proper to effectuate this express authority include verification of pleadings if the attorney is in the position to have personal knowledge of the verified facts. Chair Lance's attorney had express authority to sue on its behalf. The attorney also had personal knowledge of the facts in the verified petition.

The verification of this petition by the corporation's attorneys is consistent with the purpose of the statute's verification requirement because the attorney who verified the petition was in the position to know first hand about the subject matter of the appeal.

---

**2.** Repealed by 1986 Ind.Acts, P.L. 149, effective August 1, 1987. Recodified in Ind.Code § 23-1-17-1 *et seq.* (Burns 1987 Supp.).

Where the corporation has conferred actual authority on its agents to act in a capacity within the scope of its powers, in a manner consistent with the creating statute, we will not further restrict the corporation. Applying well-settled agency principles will promote the interests of third parties in predictability and uniformity and conform to the legislative intent of the statutes creating the corporation. Accordingly, we conclude that the Chair Lance petition for judicial review was adequately verified. To the extent that the holdings in *Community Care* and *Gary Community Mental Health* are to the contrary, they are disapproved.

## II. *Exhaustion of Administrative Remedies*

■ Chair Lance sought judicial review of IDPW's refusal to grant either prejudgment interest on the amount withheld or attorney fees. A final administrative decision made upon remand by a court for a factual determination is subject to judicial review. *See Indiana State Board of Dental Examiners v. Levin* (1966), 247 Ind. 186, 213 N.E.2d 897. Courts will not reverse or modify a final administrative determination unless it is contrary to law or unsupported by evidence.

■ Although a party may seek judicial review of an administrative decision made pursuant to a judicial remand, the party must exhaust his administrative remedies before returning to court a second time. The question before us is thus twofold: first, whether IDPW's March 26 letter to Chair Lance's attorney was a final agency determination subject to judicial review; and, second, whether the agency determination contained in that letter was contrary to law or unsupported by evidence.

Whether IDPW's letter of March 26 to Gooch constituted a final administrative determination subject to judicial review depends on whether all administrative remedies capable of rectifying the claimed error had been pursued to finality. We have set forth the relevant considerations in determining whether this exhaustion requirement has been met:

the character of the question presented, i.e., whether the question is one of law or fact; the adequacy or competence of the available administrative channels to answer the question presented; the extent or imminence of harm to the plaintiff if required to pursue administrative remedies; and the potential disruptive effect which judicial intervention might have on the administrative process.

*Wilson v. Board of Indiana Employment Security Division* (1979), 270 Ind. 302, 305, 385 N.E.2d 438, 441.

In *Indiana State Dept. of Welfare v. Stagner* (1980), Ind.App. 410 N.E.2d 1348, the Court of Appeals applied the *Wilson* test and found that the Medicaid provider had not exhausted his administrative remedies. The provider had initiated a judicial appeal immediately after IDPW informed him that his pending claims were denied for lack of medical necessity. The Court of Appeals had to determine whether IDPW's letter denying the provider's claims for lack of medical necessity was a final order subject to judicial review or merely an administrative decision appealable to the Department under the regulations set forth in 470 IAC. The Court of Appeals concluded:

Medical necessity is a question of fact properly decidable by the Department. It is important that opportunity be given the Department to develop a factual record for the application of agency expertise. Similarly, the opportunity for self-correction of errors should be afforded the Department. Waste of judicial resources may thereby be avoided.

410 N.E.2d at 1351. The court found that Stagner's claim was a "cost settlement" with an available avenue of administrative appeal under IDPW regulations.

■ As for the instant case, IDPW regulations provide an administrative appeal in three instances: 1) the denial of an application to become a provider, 2) the rate of Medicaid payment, and 3) a cost settlement. 470 IAC 5-1-4(a)(1) (1984). The denial of interest and attorney fees is not a "cost settlement" dispute as defined by 470 IAC 5-1-3.5. *See Stagner*, 410 N.E. at 1352. Where there are no administrative channels

capable of answering the question presented, the administrative process is not disrupted by judicial review of the question.

■ The trial court had jurisdiction over Chair Lance's appeal from IDPW's denial of interest and attorney fees because Chair Lance had exhausted its administrative remedies and invoked the court's jurisdiction with a properly verified petition for review.

### III.  *Attorney Fees*

■ As a general rule, each party to litigation pays his own attorney fees, absent a statute, agreement, or stipulation to the contrary.  *Trotcky v. Van Sickle* (1949), 227 Ind. 441, 85 N.E.2d 638.  Where exceptions to this general rule are allowed, attorney fees are recoverable on the theory that they are damages resulting from the wrongful acts of the other party.  *Kikkert v. Krumm* (1985), Ind., 474 N.E.2d 503.  Claims for damages, including attorney fees, must be included in the principal suit or the claim is waived.  *State ex rel. Reilly v. U.S. Fidelity & Guaranty Co. of Baltimore, Md.* (1941), 218 Ind. 89, 31 N.E.2d 58.

The principal suit was initiated in January 1979 and finally adjudicated in 1988.  Chair Lance first requested fees on January 3, 1984.  IDPW refused the request as untimely.  The trial court did not address the fee issue and denied Chair Lance's motion to correct error.  The motion had alleged a single error: the court's failure to award attorney fees.

■ Chair Lance's request for fees was a request for damages which should have been brought in the principal suit.  Because Chair Lance failed to include attorney fees as a measure of damages in the principal suit, and the principal suit was fully adjudicated, it waived the issue in a subsequent proceeding, even where the proceeding was related to the principal suit.  *See, e.g., State ex. rel. Reilly,* 218 Ind. at 95, 31 N.E.2d at 60.

Because we find that attorney fees were waived, we have no need to consider whether such fees would have been recoverable as an exception to the general rule.  The trial court was correct in its denial of Chair Lance's motion to correct error.

### IV.  *Prejudgment Interest*

Chair Lance first requested interest on the amount withheld in the initial round of administrative appeals.  It continued to raise the issue in its petition for judicial review, motion to correct error and appeal.  The Court of Appeals remanded the case to IDPW for a proper determination of the principal amount due and stated that "the prejudgment interest [issue] is moot."  448 N.E.2d at 1219.  IDPW claims that this statement denied prejudgment interest.  Chair Lance claims that it merely mooted the issue until a proper determination of the amount due could be made by IDPW on remand.  Upon judicial review of IDPW's refusal to pay Chair Lance prejudgment interest on this amount, the trial court found that IDPW was liable for interest on the now ascertained amount unlawfully withheld at eight per cent per year and entered judgment accordingly.

■ Prejudgment interest is allowed to compensate for loss of the use of money where a simple mathematical computation can operate on an amount for which the defendant is found to be liable.  Ind.Code § 4-22-1-18(c) authorizes a court to enter an affirmative order by providing that the court "may compel agency action unlawfully withheld or unreasonably delayed."  The trial court found that IDPW unlawfully withheld the principal amount, and its order properly compelled repayment.  This statute, however, does not authorize the court to compel a state agency to pay interest on money unlawfully withheld.

■ The State is not liable for interest on payments due unless it binds itself by contract or statute to pay interest.  *Carr v. State* (1891), 127 Ind. 204, 26 N.E. 778.  This application of sovereign immunity derives from the principle that a State does not authorize its officers to incur obligations on its behalf unless by contract or statute.  *United States v. North Carolina,* 136 U.S. 211, 10 S.Ct. 920, 34 L.Ed. 336 (1890).  In Indiana, there is a single exception: interest on amounts unlawfully exacted as taxes and paid under protest.  *Metro-*

*politan Life Insurance Co. v. State* (1924), 194 Ind. 657, 144 N.E. 420. Accordingly, the trial court could not assess prejudgment interest against a state agency.

The Court of Appeals' decision is vacated. The trial court's decision on the prejudgment interest issue is reversed. Its denial of Chair Lance's motion to correct error on the attorneys' fees issue is affirmed.

DeBRULER, J., joins in this opinion.

DICKSON, J., joins in parts I–III of this opinion and dissents as to part IV.

GIVAN, J., with whom PIVARNIK, J., joins, dissents with opinion.

## ON CIVIL PETITION TO TRANSFER

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case on the issue of the verification of the petition for judicial review.

The language in Ind.Code § 4–22–1–14 (repealed by Acts 1986, P.L. 18, recodified as Ind.Code § 4–21.5–1–1 *et seq.*) provides:

"Any party or person aggrieved by an order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act. Such review may be had by filing with the circuit or superior court of the county in which such person resides, or in any county in which such order or determination is to be carried out or enforced, a verified petition...."

Although this statute does not expressly state that the affidavit may not be signed by an attorney representing a corporation, the case law interpreting this type of legislation has consistently held that the verification must be made by a corporation's executive or administrative officer. This is recognized by the majority opinion at the top of page 4.

The majority specifically overrules the holdings of the Court of Appeals in *Gary Community Mental Health Center, Inc. v. Indiana Department of Public Welfare* (1986), Ind.App., 496 N.E.2d 1341 and *Com-*

*munity Care Centers, Inc. v. Indiana Department of Public Welfare* (1984), Ind. App., 468 N.E.2d 602. Both of these cases rely on the case law on this subject dating back to *Fidelity & Casualty Co. v. Carroll* (1917), 186 Ind. 633, 117 N.E. 858.

This is a principle of law well-known at the time the present statute was passed by the legislature. It would have been a simple matter for the legislature to have made the change which this Court now seeks to do by judicial opinion. Although I agree that the rationale of the majority makes a great deal of sense, I would not presume to invade the province of the legislature and change the law in this manner.

The Court of Appeals as outlined in the majority opinion was correct in its unpublished opinion. I would deny transfer.

PIVARNIK, J., concurs.