**Rowan E. GUTHRIE, Rosemary Guthrie, William J. Guthrie, Mabel R. Guthrie, Kenneth W. Guthrie, Betty Guthrie, Michael D. Dershem, Sr., and Carolyn Dershem, Appellants–Plaintiffs,**

**v.**

**James F. McINTYRE and Norris Dean McIntyre, Appellees–Defendants.**

**No. 88A01–9001–CV–43.**

Court of Appeals of Indiana,
First District.

Dec. 11, 1990.

William Edward Jenner, Jenner & Auxier, Madison, for appellants-plaintiffs.

David A. Smith, McIntyre & Smith, Bedford, for appellees-defendants.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Appellants, Rowan E. Guthrie, Rosemary Guthrie, William J. Guthrie, Mabel R. Guthrie, Kenneth W. Guthrie, Betty Guthrie, Michael D. Dershem, Sr., and Carolyn Dershem (Guthries and Dershems), appeal the trial court's judgment against them and for Appellees, James F. McIntyre and Norris Dean McIntyre (McIntyres) in Guthries' and Dershems' actions for damages and for permanent injunctions preventing McIntyres from diverting the waters of Guthrie Creek. We reverse and remand.

## FACTS

Guthries and Dershems own separate parcels of real estate through which flows Guthrie Creek, a waterway subject to the jurisdiction of the Indiana Department of Natural Resources, Division of Water. McIntyres own real property located upstream from the parcels of Guthries and Dershems.

In 1983 McIntyres, using bulldozers and heavy equipment, cleaned trees and brush from along the edges of the creek and straightened the creek bed. Although McIntyres began the work before obtaining approval of the Department of Natural Resources, the Department later issued ap-

proval. After the McIntyres cleared and straightened the portion of the channel flowing through their own property, Guthries and Dershems experienced increased flooding and erosion of their land.

Guthries and Dershems filed separate actions against McIntyres alleging McIntyres, contrary to the reasonable use doctrine which is applied to water flowing in a channel, had diverted the waters of Guthrie Creek in such a manner as to damage the real estate of Guthries and Dershems. Guthries and Dershems sought permanent injunctions to prevent McIntyres from diverting the waters of Guthrie Creek, special damages, and costs.

The trial court consolidated the actions for trial and judgment. Pursuant to McIntyres' request, the court entered special findings of fact and conclusions of law. The court found McIntyres' work was under the exclusive jurisdiction of the Department of Natural Resources because the work constituted a project under the Flood Control Act, IND.CODE § 13–2–22–1 et seq. Although the case was fully tried, the court made no decision with respect to damages suffered by Guthries and Dershems or with respect to McIntyres' liability for such damages. The court concluded Guthries and Dershems, before resorting to the court, had not exhausted administrative remedies afforded to them because the Department of Natural Resources had made no decision about the effect on the downstream riparian owners, Guthries and Dershems, of McIntyres' cleaning of the waterway. Accordingly, the court entered judgment against Guthries and Dershems.

### ISSUE

Whether the exhaustion of administrative remedies doctrine barred Guthries and Dershems from pursuing a suit for damages and injunctive relief.

### DISCUSSION AND DECISION

Guthries and Dershems contend the trial court erred in holding they had failed to exhaust administrative remedies available to them and were barred, therefore, from pursuing their cause of action. For support, Guthries and Dershems cite *Bartholomew County Beverage Co. v. Barco Beverage Corp.* (1988), Ind.App., 524 N.E.2d 353, in which we held "[t]he doctrine which requires an aggrieved party to exhaust administrative remedies does not apply when an administrative procedure and remedy does not exist or when the remedy is impossible or fruitless and of no value under the circumstances." *Id.* at 355. In addition, Guthries and Dershems quote *Indiana Department of Public Welfare v. Chair Lance Service, Inc.* (1988), Ind., 523 N.E.2d 1373, 1378–79, "Where there are no administrative channels capable of answering the question presented, the administrative process is not disrupted by judicial review ..."

Although I.C. § 13–2–22–13(c) permits the director[1] to maintain an action to enjoin or abate a nuisance which falls within its jurisdiction, the Flood Control Act, I.C. § 13–2–22–1 to 13–2–22–21, contains no provision for aggrieved parties, such as Guthries and Dershems, to bring an action or to request the Department of Natural Resources to bring an action for enjoinder, abatement, or damages. Furthermore, Ind.Admin.Code tit. 310, r. 6–1–1—6–1–13, which deals with flood hazard areas, provides no procedure or remedy for aggrieved parties. Therefore, Guthries and Dershems did not fail to exhaust available administrative procedures or remedies and the trial court erred in refusing them judicial review.

As the case was fully tried, we remand to the trial court to enter findings and conclusions and to render judgment on Guthries' and Dershems' combined action.

Reversed and remanded.

MILLER, P.J., and ROBERTSON, J., concur.

---

1. Although most of the Flood Control Act discusses the powers and duties of the Natural Resources Commission and the act does not define "director," the word appears to refer to the director of the Department of Natural Resources.