**MILLER BEACH INVESTMENTS, LLC, as Assignee of James Nowacki, Petitioner,**

v.

**DEPARTMENT OF LOCAL GOVERNMENT FINANCE, Respondent.**

Nos. 49T10–0602–TA–13 to 49T10–0602–TA–16.

Tax Court of Indiana.

June 9, 2006.

John R. Craig, Merrillville, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Dawn D. Cummings, Jennifer E. Gauger, Deputy Attorneys General, Indianapolis, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTIONS TO DISMISS

FISHER, J.

Miller Beach Investments, LLC (Miller Beach), as assignee of James Nowacki, appeals the four final determinations of the Indiana Board of Tax Review (Indiana Board) valuing twenty of its real estate parcels for the 2002 tax year. The matter is currently before the Court on the Department of Local Government Finance's (DLGF) motions to dismiss.

## FACTS AND PROCEDURAL HISTORY

Miller Beach owns twenty parcels of real property in Lake County, Indiana. For the March 1, 2002 assessment date, the Department of Local Government Finance (DLGF) assessed these parcels. Miller Beach, believing the DLGF's assessments to be incorrect, filed twenty "Petitions for Review of DLGF Action for Lake County Residents" (Forms 139L) with the Indiana Board.[1]

On July 6, 2005, the Indiana Board conducted its hearing on Miller Beach's Forms 139L. On January 5, 2006, the Indiana Board issued four final determinations on Miller Beach's appeals. Not receiving the relief it requested from the Indiana Board, Miller Beach initiated four original tax appeals on February 24, 2006.

On March 27, 2006, the DLGF moved to dismiss all four of Miller Beach's appeals, claiming that the Tax Court lacks jurisdiction over the cases because Miller Beach's petitions for judicial review did not identify the agency actions at issue and were not properly verified.[2] The Court subsequently conducted one hearing on all four of the DLGF's motions on May 15, 2006. Additional facts will be supplied as necessary.

## ANALYSIS

Every action has three jurisdictional elements: 1) jurisdiction of the subject matter; 2) jurisdiction of the person; and 3) jurisdiction of the particular case. *Carroll County Rural Elec. Membership Corp. v. Indiana Dep't of State Revenue,* 733 N.E.2d 44, 47 (Ind. Tax Ct.2000) (citation omitted). The DLGF first argues that the Court is "deprived of its jurisdiction" because Miller Beach's petitions for judicial review failed to identify the agency action at issue. (*See* Resp't Mots. to Dismiss at ¶¶ 8–13.)

---

1. Actually, James Nowacki owned the twenty parcels at the time of their assessment, March 1, 2002 and, in April of 2004, he initiated the twenty administrative appeals on the properties by filing the Forms 139L. By the time the Indiana Board conducted its administrative hearings on Nowacki's appeals in July of 2005, however, Nowacki had sold the properties to Miller Beach Investments, LLC (Miller Beach).

2. The DLGF also initially alleged that the Court lacked jurisdiction because Miller Beach's appeals and certified administrative records were not timely filed and Miller Beach's service of process was insufficient. The DLGF has since withdrawn these issues. (*See* Mot. to Dismiss Hr'g Tr. at 3–4.)

■ "Subject matter jurisdiction is the power of a court to hear and determine the general class of cases to which the proceedings before it belong." *Musgrave v. State Bd. of Tax Comm'rs*, 658 N.E.2d 135, 138 (Ind. Tax Ct.1995) (citation omitted). A determination as to whether subject matter jurisdiction exists "depends on whether the type of claim advanced by the petitioner falls within the general scope of authority conferred upon the court by constitution or statute." *Id.* The general scope of authority conferred upon the Tax Court is governed by Indiana Code § 33–26–3–1. This statute provides that the Tax Court has "exclusive jurisdiction over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination" of the Indiana Board. IND. CODE ANN. § 33–26–3–1 (West 2006). Miller Beach's appeals meet both jurisdictional prerequisites: they challenge the assessment of Indiana's property tax and they request review of a final determination of the Indiana Board. (*See* Pet'r Ver. Pets. for Judicial Review.) Accordingly, the Court has subject matter jurisdiction over Miller Beach's appeals.

■■ "Jurisdiction over the particular case refers to the 'right, authority, and power to hear and determine a specific case within the class of cases over which a court has subject matter jurisdiction.'" *Carroll County*, 733 N.E.2d at 50 (quoting *Adler v. Adler*, 713 N.E.2d 348, 352 (Ind. Ct.App.1999)). When this Court has subject matter jurisdiction pursuant to Indiana Code § 33–26–3–1, an appeal is subject to the requirements of the Administrative Orders and Procedures Act (AOPA), as well as the Indiana Tax Court Rules. *See* IND.CODE ANN. § 6–1.1–15–5(b) (West 2006); IND.CODE ANN. § 4–21.5–5 (West 2006); Ind. Tax Court Rule 1.

Pursuant to Indiana Code § 4–21.5–5–7, a petition for judicial review must "[i]dentif[y][ ] the agency action at issue, together with a copy, summary, or brief description of the agency action." A.I.C. § 4–21.5–5–7(b)(3). *See also* Ind. Tax Court Rule 3(B)(3). In an effort to satisfy this requirement, Miller Beach provided the following statement on all four of its petitions:

> The Board[']s final determination indicated that the property value assessed by Cole–Layer–Trumble was correct and found in favor of the [DLGF] as the Respondent. The finding is contrary to the evidence presented by Petitioner at the hearing, that complied with the Property Assessment Manual for the 2002 General Reassessment guidelines for showing differences and an underlying incorrect reassessment by the [DLGF].

(Pet'r Ver. Pets. for Judicial Review at ¶ 3.) The DLGF asserts, however, that this statement is simply not enough to satisfy the requirement of Indiana Code § 4–21.5–5–7(b)(3). More specifically, the DLGF attempts to convince the Court that the statement is deficient because

> the Petitioner failed to attach a copy of the final determination. In addition, the Petitioner failed to identify the parcel that was [the subject of each petition and failed to identify the final determination that was the subject of each petition. There is no indication as to hearing dates or dates of final determination[s].

(Mot. to Dismiss Hr'g Tr. at 4.) The DLGF is incorrect.

First and foremost, Miller Beach was not *required* to attach copies of the Indiana Board's final determinations to its petitions. *See* A.I.C § 4–21.5–5–7(b)(3); Tax.Ct. R. 3(B)(3). Second, Indiana is a notice pleading state. *See* Ind. Trial Rule 8(A). Consequently, a petition's allegations are generally sufficient if they put a reasonable person on notice as to why the

petitioner is suing. *See City of Anderson v. Weatherford,* 714 N.E.2d 181, 185 (Ind. Ct.App.1999), *trans. denied.* From its petitions, a reasonable person would be able to discern that Miller Beach was challenging the Indiana Board's final determinations valuing its property on the basis that the Indiana Board did not properly apply Indiana's Real Property Assessment Manual and Guidelines. (*See* Pet'r Ver. Pets. at ¶¶ 3, 7.) Thus, contrary to the DLGF's assertion, Miller Beach's failure to identify on its petitions the parcel numbers, the date of the Indiana Board hearing, and the Indiana Board final determination petition numbers is not fatal to the petitions' sufficiency. Indeed, no matter how unartfully pleaded, "[a]ll pleadings shall be so construed as to do substantial justice, lead to disposition on the merits, and avoid litigation of procedural points."[3] T.R. 8(F) (footnote added). *See also City of Anderson,* 714 N.E.2d at 185.

 Next, the DLGF contends that Miller Beach's appeals must be dismissed because its petitions were not properly verified.[4] (Resp't Mots. to Dismiss at ¶¶ 17–24 (footnote added).) More specifically, the DLGF asserts that public policy dictates that Miller Beach's petitions should be verified not by Miller Beach's attorney, but by Miller Beach itself:

It is clear that the legislature wanted the taxpayer to be more knowledgeable in [its] assessment, participate in [its] assessment, and be responsible for [its] assessment. . . . One of these responsibilities is verifying and taking an oath that the statements alleged in [its] petition [are] indeed true and not frivolous. . . . The requirements of AOPA are minimal and it is not too much to ask for the taxpayers to comply with those requirements. Allowing a petitioner's attorney to sign [the] petitioner's verification [statement] removes personal responsibility. In addition, the property tax arena is different because paying [property] taxes is not a one-shot deal; they are paid every year. The DLGF does not want the taxpayer on autopilot; that is, every year the taxpayer receives [its] bill, picks up [its] phone, calls [its] attorney, and begins the whole protest process. Lastly, the property tax setting is different because paying taxes is a civic duty and not a punishment.[5]

(Mot. to Dismiss Hr'g Tr. at 10–11 (footnote added).)

As stated earlier, an original tax appeal is subject to the requirements of both AOPA and the Indiana Tax Court Rules. *See* A.I.C. § 6–1.1–15–5(b); A.I.C. § 4–

---

**3.** In any event, the Court notes that simultaneous with filing its petitions, Miller Beach's counsel also filed notices of appearance which designated the date of the Indiana Board final determinations, where the property was generally located, and the petition numbers assigned to each property appeal as designated by the Indiana Board. (*See* Pet'r Notices of Appearance.) Because copies of these notices of appearance were served upon the DLGF, this Court's expectation that the DLGF should have read them in conjunction with the *petitions for judicial review* in preparing for the case (and thereby ascertain the allegedly "missing information" therefrom) is not unreasonable. Rather than exalt form over substance, this Court will uphold its long-standing policy that cases should be de-

cided on the merits and justice should not be defeated by technicalities.

**4.** "To 'verify' a legal document or petition is '[t]o confirm or substantiate by oath or affidavit; to swear to the truth of.'" *Huntington County Cmty. Sch. Corp. v. Indiana State Bd. of Tax Comm'rs,* 757 N.E.2d 235, 240 (Ind. Tax Ct.2001) (quoting BLACK's LAW DICTIONARY 1556 (7th ed.1999)).

**5.** The Court notes, however, that the DLGF makes no suggestions as to who should have signed the verification statement on behalf of Miller Beach (i.e., given the fact that a corporate entity like Miller Beach is not a natural person).

21.5–5; Tax.Ct. R. 1. Pursuant to Indiana Code § 4–21.5–5–7, a petition for judicial review of an Indiana Board final determination must be verified. *See* A.I.C. § 4–21.5–5–7(b). Similarly, Indiana Tax Court Rule 3(B) provides that:

> [a]n original tax appeal from a final determination of the Indiana Board of Tax Review is commenced by filing a verified petition in the Tax Court.... The petition shall be verified under Trial Rule 11(B).

Ind. Tax Court Rule 3(B). *See also Bakos v. Dep't of Local Gov't Fin.*, 848 N.E.2d 377, 379 (Ind. Tax Ct.2006) (explaining that a failure to verify a petition deprives the Tax Court of jurisdiction over the particular case).

While Tax Court Rule 3(B) and Trial Rule 11(B) explain *how* a petition for judicial review can be verified,[6] AOPA, the Tax Court Rules, and the Trial Rules are all silent as to *who* may verify a petition on behalf of a corporation. Consequently, this Court finds extremely persuasive the Indiana Supreme Court's 1988 decision of *Indiana Department of Public Welfare v. Chair Lance Service, Incorporated*, 523 N.E.2d 1373 (Ind.1988). In that case, the Court held that a petition for judicial review brought by a corporation under the Indiana Administrative Adjudication Act (AAA)[7] could be verified by the corporation's attorney because the AAA did not specifically indicate who may verify in such an instance. *Indiana Dep't of Pub. Welfare v. Chair Lance Serv., Inc.*, 523 N.E.2d 1373, 1377 (Ind.1988). In reaching its result, the Court explained:

> [a] corporation is a creature of statute and can neither practice law nor act in person. Out of court it must act through its agents, and in court it must generally act only through an agent who is a licensed attorney. The fundamental principles regarding the authority of an agent of a corporation are substantially the same as those applicable to agents generally.... [A corporation] ha[s] the statutory authority to appoint an attorney as its agent to exercise its power to sue in its corporate name. Incidental acts necessary and proper to effectuate this express authority include verification of pleadings if the attorney is in the position to have personal knowledge of the verified facts.

*Id.* (internal citation omitted).

Miller Beach's attorney, John Craig, indicated during the hearing that he had personal knowledge of the facts contained within the petition. (*See* Mot. to Dismiss Hr'g Tr. at 17–19.) The DLGF concedes this point. (Mot. to Dismiss Hr'g Tr. at 21.) Consequently, following the reasoning of *Chair Lance, supra*, the Court concludes that because AOPA, the Tax Court Rules, and the Trial Rules do not preclude

---

**6.** Tax Court Rule 3(B) provides that the verification shall be made pursuant to Indiana Trial Rule 11(B). In turn, Trial Rule 11(B) states:

> [w]hen ... it is required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified, or that an oath be taken, it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language:
> "I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.

> (Signed) ————"

Any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit.

Ind. Trial Rule 11(B).

**7.** Indiana's Administrative Adjudication Act (AAA) was repealed by 1986 Ind. Acts, P.L. 18, § 2, effective July 1, 1987, and replaced by Indiana's Administrative Orders and Procedures Act (AOPA), Indiana Code § 4–21.5 (West 1987).

an attorney from verifying a petition for judicial review of an Indiana Board final determination on behalf of a corporation, Miller Beach's petitions were properly verified.[8]

## CONCLUSION

For the foregoing reasons, the Indiana Board's motions to dismiss are DENIED.

The Court will schedule these cases for further proceedings under separate cover.

SO ORDERED this 9th day of June, 2006.

**8.** In 1991, the Indiana Court of Appeals extended the holding in *Chair Lance* by ruling that a petition brought by an *individual* under the AAA could be verified by the individual's attorney. *Giles v. County Dep't of Pub. Welfare of Marion County*, 579 N.E.2d 653, 655 (Ind.Ct.App.1991), *trans. denied.* During the hearing on its motions to dismiss, the DLGF's counsel spent a great deal of time attempting to convince the Court that the holding in *Giles* is not applicable in this case. (*See* Mot. to Dismiss Hr'g Tr. at 6–14, 21–22.) The DLGF's time would have been better spent, however, attempting to convince the Court that the holding in *Chair Lance* was inapplicable.

The DLGF also attempts to convince the Court that Miller Beach's attorney should not be allowed to verify the petitions because if he is later determined to be a necessary witness in the matter, a violation of Indiana Professional Conduct Rules 3.7 and 1.7 could occur. (Mot. to Dismiss Hr'g Tr. at 13.) To the extent the DLGF's argument is based on an abstract possibility rather than actual facts, however, the Court will not speculate as to possible problems which are not apparent in this case. This Court cannot issue advisory opinions. *See Cmty. Hosps. of Ind., Inc. v. Estate of North*, 661 N.E.2d 1235, 1239 (Ind. Ct.App.1996), *trans. denied. But cf. Indiana Dep't of Envtl. Mgmt. v. Chemical Waste Mgmt., Inc.*, 643 N.E.2d 331, 337 (Ind.1994) (noting that the Supreme Court "can and does issue decisions which are, for all practical purposes, 'advisory' opinions").