# Baker Loan and Trust Company, Appellant, *v.* Diehl.

*Practice, Supreme Court—Appeals—Judgment for want of a sufficient affidavit of defense—Refusal—Act of April 18, 1874, P. L. 64.*

1. The Act of April 18, 1874, P. L. 64, authorizing appeals from an order refusing judgment for plaintiff for want of a sufficient affidavit of defense was intended to reach only cases of clear error in law.

2. In an action on a promissory note, an affidavit of defense alleging that the note and a previous note of which it was a renewal were given under a parol agreement that they should be paid from funds arising from a source therein referred to, and that plaintiff had been in receipt of funds applicable to the payment of the note, but had not paid the same, is sufficient to prevent summary judgment.

Argued March 7, 1916. Appeal, No. 436, Jan. T., 1915, by plaintiff, from order of C. P. Franklin Co., Sept. T., 1914, No. 215, discharging rule for judgment for want of a sufficient affidavit of defense, in case of Baker Loan and Trust Company v. Ed. B. Diehl, Daniel Grabill, E. J. Bonbrake. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense. Before GILLAN, P. J.

From the affidavit and supplemental affidavit of defense it appeared that the obligation upon which the action was brought was the debt of the Highland Development Company; that the defendants were simply the

sureties; that the note in suit was a renewal of the amount due on a note dated 16 August, 1913, made by the Highland Development Co. as principal, the Highland Gold Mines Co., Robert R. McGaughey and Daniel Grabill as sureties, to the order of the Oregon-Idaho Investment Co., which note was discounted by plaintiff: that at the time of the execution of the note in suit it was agreed by and between the Highland Gold Mines Co., the Highland Development Co., the Oregon-Idaho Investment Co., Robert R. McGaughey, Daniel Grabill, Ed. B. Diehl, E. J. Bonbrake, and the Baker Loan & Trust Co., that this note should be received and held by the plaintiff, the Baker Loan & Trust Co., and be paid by the Highland Development Co. out of the proceeds of certain mines. That the said Highland Development Co., whose debt in suit the note was, did pay to the Baker Loan & Trust Co., out of the proceeds of said mines, a large amount of money, much in excess of the amount of the note, out of which moneys the Baker Loan & Trust Co. was authorized in pursuance of the above mentioned agreement, which agreement was made between the makers of the note, the obligee, this plaintiff and the Highland Development Co., to appropriate to themselves payment of this note, but that in violation of this agreement they did not thus appropriate said money but devoted it to other uses.

The court refused plaintiff's rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned,* among others, was the order of the court.

*W. K. Sharpe,* of *Sharpe & Elder,* for appellant.

*O. C. Bowers,* with him *Bonbrake & Zacharias* and *W. S. Hoerner,* for appellees.

PER CURIAM, April 17, 1916:

The averments in the affidavit of defense and in the supplement thereto as to the agreement, upon the faith of which the original note and the one in suit were made and delivered to this appellant, were sufficient to prevent the entry of judgment. The Act of April 18, 1874, P. L. 64, under which this appeal was taken, was intended to reach only cases of clear error in law in refusing judgment for want of sufficient affidavit of defense: Ætna Ins. Co. v. Confer, 158 Pa. 598; Ensign, et al., v. Kindred, 163 Pa. 638; Kidder Elevator Interlock Co. v. Muckle, 198 Pa. 388.

Appeal dismissed.