# Mancia, Appellant, *v.* Marquette National Fire Ins. Co.

*Appeals—Practice, C. P.—Affidavit of defense—Refusal of judgment.*

1. An order discharging rule for judgment for want of a sufficient affidavit of defense will not be reversed, unless the action of the lower court in refusing judgment is manifestly wrong, in the sense of being contrary to precedent or established rules of law.

*Practice, C. P.—Affidavit of defense—Corporation—Improperly executed affidavit—Authority of affiant—Costs—Appeal—Practice —Amended affidavit.*

2. An affidavit of defense filed by a corporation is fatally defective, where it appears that it was sworn to by an individual without showing his connection with the defendant company, what his agency or authority was, or why an officer of the corporation did not act in the premises.

3. On appeal, the defendant will not be allowed to file at bar a corrected affidavit, but the appellate court will remit the record to the court below with direction to enter judgment against defendant for such sum as to right and justice may belong, unless other legal and equitable cause be shown why such judgment should not be entered.

4. In such case defendant should be ordered to pay costs to date.

Argued February 25, 1924.   Appeal, No. 3, Jan. T., 1924, by plaintiff, from order of C. P. Lackawanna Co., Oct. T., 1922, No. 926, discharging rule for judgment for want of sufficient affidavit of defense, in case of Belardo Mancia or Belardo Mancia or Mancini v. Marquette National Fire Insurance Co.   Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.  Order modified.

Assumpsit on a fire insurance policy.

Rule for judgment for want of a sufficient affidavit of defense.   Before MAXEY, J.

The opinion of the Supreme Court states the facts.

Rule discharged.   Plaintiff appealed.

*Error assigned* was, order, quoting record.

*Saverio Rosato,* with him *Knapp, O'Malley, Hill & Harris,* for appellant.

*Cornelius B. Comegys,* with him *Ralph W. Rymer,* for appellee.

PER CURIAM, March 24, 1924:

The court below refused to make absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense; hence this appeal.

The action was brought to recover on a fire insurance policy which, the affidavit avers, had been cancelled by defendant and surrendered by plaintiff some three months prior to the fire in question.   If the sufficiency

of these averments was the only question involved, we would hold the present appeal to be governed by the usual rule, announced as early as Griffith v. Sitgreaves, 81* Pa. 378, to the effect that writs under the Act of April 18, 1874, P. L. 64, should be confined to clear errors of law (Baker L. & T. Co. v. Diehl, 253 Pa. 353), and, unless the action of the court in refusing judgment is manifestly wrong, in the sense of being contrary to precedent or established rules of law, the order appealed from will not be disturbed (Haibach C. Co. v. Hornung, 270 Pa. 350); but it appears the defense was sworn to by an individual without showing his connection with defendant company, what his agency or authority was, or why an officer of the corporation did not act in the premises, —which, under our decisions, renders the affidavit invalid: Mintz v. Tri-County Nat. Gas. Co., 259 Pa. 477, 483-4, and authorities there cited.

Appellees apparently recognized the fatal defect just referred to, and, to overcome it, asked leave to file, at the bar of this court, another affidavit of defense. While we refuse this application, as not being in accord with correct practice, the order about to be entered will not preclude the filing in the court below of the affidavit tendered to this court; but, before that is permitted, defendant should be ordered to pay costs to date.

In conformity with the requirements of the Act of 1874, supra, as to the disposition to be made of an appeal where the Supreme Court deems an affidavit of defense "insufficient to prevent judgment," it is now ordered, in the language of the statute, that the record be remitted to the court below with direction to enter judgment against defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown why such judgment should not be entered.