**COMMUNITY CARE CENTERS, INC.,**
**Appellant (Plaintiff Below),**

v.

**INDIANA DEPARTMENT OF PUBLIC**
**WELFARE, Appellee**
**(Defendant Below).**

No. 2–484A94.

Court of Appeals of Indiana,
Third District.

Sept. 27, 1984.

Rehearing Denied Nov. 9, 1984.

David F. McNamar, John H. Sharpe, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant Community Care Centers, Inc. (Community) is an Indiana corporation which owns and operates nursing care facilities. On November 24, 1980, Community requested an increase in Medicaid payments from the Indiana Department of Public Welfare (DPW). DPW denied this request, and Community filed a verified petition for judicial review. DPW filed a motion to dismiss, contending that Community's petition was improperly verified. The trial court granted this motion, and Community timely perfected its appeal.

The sole issue on appeal is whether Community's petition was properly verified by the "person or party aggrieved." The relevant facts indicate the petition was prepared, signed, and attested by Community's attorney. The petition indicated that counsel possessed personal knowledge of all matters asserted, and that those facts were true. Community maintains that corporate counsel was empowered to verify this petition under the Indiana Administrative Adjudication Act (Act).

The Act provides that the right to petition for review of an administrative decision rests with the "party or person aggrieved." IND.CODE § 4–22–1–14. The section specifically provides that:

> "[a]ny party or person aggrieved by an order or determination made by any such agency shall be entitled to a judicial review thereof in accordance with the provisions of this act. Such review may be had by filing with the circuit or superior court of the county in which such person resides, or in any county in which such order or determination is to be carried out or enforced, a verified petition setting out such order, decision or determination so made by said agency, and alleging specifically wherein said order, decision or determination is: . . ."

Under this section, Community's corporate entity is the party or person aggrieved. However, the Act does not specifically indicate who may verify a petition for judicial review on behalf of a corporation.

■ Verification is defined as a confirmation of the truth or authenticity of a pleading by affidavit, oath, or deposition. *Bader v. State*, (1911) 176 Ind. 268, 94 N.E. 1009; *Indiana Civil Rights Com'n v. City of Muncie*, (1984) Ind.App., 459 N.E.2d 411; Black's Law Dictionary, 5th ed. (1979). The term "verified," refers to an affidavit attached to a pleading or other document which certifies the truth of facts therein set forth. *Bader, supra; City of Muncie, supra.*

■ Generally, verification may be made on behalf of a corporation by an officer, authorized agent, or attorney for the corporation. 19 C.J.S. *Corporations* § 1336(2) (1940). However, where statute requires verification by a party, a corporation must be represented by its executive or administrative officers. *Fidelity, etc., Co. v. Carroll*, (1917) 186 Ind. 633, 117 N.E. 858; *Southern Surety Co. v. Kinney*, (1920) 74 Ind.App. 205, 127 N.E. 575. As stated in *Fidelity*, 186 Ind. at 635–636, 117 N.E. at 859:

> "The inquiry then arises, How may the affidavit of a corporation be executed by the party? It is true that in a broad sense a corporation always acts through an agent, and can act in no other way, but a 'distinction must be noted between a corporate act, performed through the intermediation of a person specially empowered to act as its agent, and a like act done immediately by the corporation

through its executive or administrative officers, which may be termed its inherent agencies. A corporation may employ agents and may be represented and bound by them the same as a natural person. But the corporation can act for itself through some agency inherent in its corporate form. Normally such agency inheres in the natural persons who hold and administer the offices of the corporation. The law recognizes that the officers are the means, the hands and the head, by which corporations normally act.' [Citations omitted.] Following this analogy it is held that *the acts of a corporation done through its officers are acts done per se, so far as a corporation may be said to act by itself, while the act of a corporation through an agent is an act per alium.* 2 Thompson, Corporations (2d ed.) § 1387. In view of this distinction, which is clearly recognized by the courts, it follows, under the decisions in *Stevens v. Burr* [(1878), 61 Ind. 464], *supra,* and subsequent cases, that when a change of venue from the judge on the ground of bias, prejudice or interest is requested in behalf of a corporation, *the affidavit required by the statute must be made by an executive or administrative officer of the corporation, such as the president, vice-president, secretary or treasurer, and not by an agent or attorney."* (Emphasis added.)

In the case at bar, the statute requires that verification be made by the "party or person aggrieved," not by specified agents or corporate attorney.[1] The trial court properly dismissed Community's petition as improperly verified.

The judgment of the trial court is affirmed.

Affirmed.

---

1. This result is consistent with the holding in *Solar Sources v. Air Pollution Control Bd.,* (1980) Ind.App., 409 N.E.2d 1136. In *Solar,* it was held improper to serve notice in administrative proceedings on the parties' attorneys. While law-

STATON, P.J., concurs.

GARRARD, J., dissents without opinion.

yers are generally considered to be agents of their clients with respect to litigation, the language of the Act eliminates any such alter egoism.