GARY COMMUNITY MENTAL HEALTH CENTER, INC. and 386 Cases, Appellants (Petitioners Below),

v.

INDIANA DEPARTMENT OF PUBLIC WELFARE and Lake County Department of Public Welfare, Appellees (Respondents Below).

No. 45A03–8602–CV–46.

Court of Appeals of Indiana, Third District.

Sept. 4, 1986.

Douglas M. Grimes, Gary, for appellants.

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., for State appellee.

Maria Luz Corona, Gary, for County appellee.

STATON, Presiding Judge.

Gary Community Health Center, Inc. (Health Center) filed suit against the Lake County Department of Public Welfare (Lake County) to recover money under the Hospital Care for the Indigent Program. Lake County denied the claim, and the Indiana Department of Public Health (State) reviewed the matter. The State sustained Lake County's decision, and the Health Center petitioned the trial court for review pursuant to the Administrative Adjudication Act (Act), West's AIC 4–22–1–14 (Supp.1986). The Health Center's cause of action was dismissed by the trial court because its petition was not properly verified. We are asked to review the following issues:

(1) Whether a petition for review verified by legal counsel on behalf of a corporation effectively invokes the subject

matter jurisdiction of a trial court under the Act, IC 4–22–1–14;

(2) Whether a jurat is necessary to have a valid verified petition for review; and

(3) Whether the trial court abused its discretion by denying the Health Center's motion to file an amended petition for review.

Affirmed.

## I.

### Corporate Verification

On June 19, 1985, the Health Center filed its petition for review. That petition was executed by the Health Center's attorney, and the Statements it contained were affirmed under the penalties of perjury as being true.[1] The trial court, however, found that the petition was not properly verified in accordance with the Act because it was merely signed by the Health Center's attorney rather than a corporate officer. The trial court relied on *Community Care Centers, Inc. v. Department of Public Welfare* (1984), Ind.App., 468 N.E.2d 602, *trans. den.* (Garrard, J., dissenting without opinion), a case decided by this court.

■ The issue in *Community Care* is on all fours with the instant one, i.e., whether a petition can be properly verified under the Act by a corporate attorney who possesses personal knowledge of all matters asserted, swears that they are true, and is empowered by the corporation to sign the petition. We held in *Community Care* that where a statute requires verification by a party, a corporation must be represented by its executive or administrative officers. *Id.* at 603. Today we reaffirm that position.

In accordance with the Act, "any party or person aggrieved" by an agency action is entitled to a judicial review. Both the State and Lake County argue that an attorney is not an aggrieved party under the Act. Although this reasoning is consistent with the result we will reach in the instant case, our rationale is grounded in a policy that is more basic than that expressed by the State and Lake County.

In *Community Care* we wrote the following:

" ... the acts of a corporation done through its officers are acts done per se, so far as a corporation may be said to act by itself, while the act of a corporation through an agent is an act per alium."

(Citations omitted) (emphasis deleted).

*Id.* at 604. The distinction between corporate verification done per se (by itself) and per alium (by another) can be traced through a line of Pennsylvania cases which reveal that, as a point of practice, corporate affidavits not made out by an officer of the corporation are viewed as insufficient for want of essential averments. *Mintz v. Tri-County Natural Gas Co.* (1918), 259 Pa. 477, 103 A. 285, 286–87. Corporate affidavits are insufficient if the petitioner neither claims to be an officer who would naturally possess a knowledge of the facts averred in the affidavits, nor attempts to state the sources of his information. *Id.* The Pennsylvania Supreme Court instructed:

If an affidavit is made by an agent of a corporation it should aver why it is not made by an officer of the corporation (*Citizens' Natural Gas Co. v. Gas Co.*, 210 Pa. 137, 59 Atl. 822), and the agent should show that he has special knowledge of the facts, if the affidavit is made from his personal knowledge and not from information and belief. If a party making an affidavit does not have personal knowledge of the facts, the established form is for the affiant to aver that he is informed, believes, and expects to be able to prove them.

---

1. The instant petition for review is unlike the one at issue in a companion appeal, Cause No. 45A03–8602–CV–47. That petition was signed by the President of the Board of Directors for the Health Center, but its representations were not verified as being true. The instant petition was adequately verified, but not by a proper party. It seems that the Health Center was aware of the elements to insure trial court review of administrative actions, *viz.*, verification, notarization and having a proper party, but managed to miscombine them in each petition.

*Wakely v. Sun Ins. Office of London, Eng.* (1914), 246 Pa. 268, 92 Atl. 136, 139. To be correct under these Pennsylvania cases, an individual signing a petition on behalf of the corporation who is not an officer or executive should reveal his connection with the corporation, what his agency or authority is, and why an officer or executive of the corporation did not act in the premises. *Mancia v. Marquette Nat. Fire Ins. Co.* (1924), 280 Pa. 174, 124 A. 333.

■ The above-cited Pennsylvania cases have a common thread; the person who signs on behalf of the corporation must have sufficient knowledge to properly verify the petition, and it is the executive or administrative officers of the corporation who would naturally possess a knowledge of the facts averred in the petition. We agree that a petitioner must have sufficient knowledge of the facts to properly verify a petition, *Austin v. Sanders* (1986), Ind., 492 N.E.2d 8, 9 (statements must be made under penalty of perjury), and reaffirm our preference for verification of corporate petitions by executive or administrative officers. *Community Care, supra.*

■ The law has long recognized that officers are the means, the hands and the head, by which corporations normally act, 2 Thompson, Corporations (2nd ed.), § 1387, and executing corporate petitions for review is certainly a corporate act. We feel that it is good practice to require verification by a corporate officer, whenever possible, because it ensures that those who are ultimately responsible to the corporation are involved in matters that affect it. That is not to say that a corporate petition not executed by a corporate executive or administrative officer will automatically fail. If the petitioner has sufficient personal knowledge of the facts and reveals his connection with the corporation, his authority to act for the corporation, and why a corporate officer or executive did not act in the premises, a petition would be properly verified. We add that mere administrative convenience is not a sufficient reason for an attorney rather than a corporate officer to execute a petition on behalf of a corporation.

■ Our review of the instant petition reveals that although it was executed under penalty of perjury by the Health Center's attorney, on its face it does not indicate that the petitioner is authorized to act for the corporation, or why a corporate executive or officer did not execute the document. Therefore, the petition was not properly verified rendering the Health Center's petition subject to dismissal.

## II.

### *Jurat*

■ The Health Center's petition for review was verified under the penalties of perjury, but this verification was not sworn before an officer authorized to administer oaths. The second issue we address is whether a jurat is a jurisdictional prerequisite for a properly verified petition under the Act.

In *Austin v. Sanders, supra,* 492 N.E.2d at 9, the Indiana Supreme Court noted that a petitioner who verifies the truth of the statements made in the petition in substantial compliance with Indiana Rules of Procedure, Trial Rule 11(B) [2] would invoke the jurisdiction of a trial court, even if the petition did not contain a jurat. The *Austin* holding is of little consequence to the Health Center, however, since in part I of this opinion, *supra,* we determined that the Health Center's petition for review was not properly verified. Therefore, its petition

2. Trial Rule 11(B) provides:
When in connection with any civil or special statutory proceeding it is required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified or that an oath be taken, it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language:

"I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true. (Signed) _____"
Any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit.

was not in substantial compliance with T.R. 11(B), and it remains subject to dismissal.

### III.

*Amended Petition*

█ Finally, the Health Center argues that the trial court abused its discretion by denying a motion to file an amended pleading. The original petition was filed on June 19, 1985, and after it was dismissed, on December 6, 1985, the Health Center filed the motion to file an amended petition.

The Act requires that a petition for review must be filed within fifteen (15) days after receipt of notice by the administrative agency. IC 4–22–1–14(b). Because the Health Center's original petition was not properly verified, the trial court never acquired subject matter jurisdiction, and the fifteen day period expired without a proper petition for review ever being filed. The doctrine of relation back is not applicable here because there can be no relation back unless the original pleading was timely. *Allied Mills, Inc. v. P.I.G., Inc.* (1983), Ind.App., 454 N.E.2d 1240, 1242.

Since the trial court has not erred or abused its discretion, it is affirmed.

HOFFMAN and GARRARD, JJ., concur.