AMERICAN TELEPHONE AND TELEGRAPH COMPANY and AT & T Communications of Indiana, Inc., Appellants (Plaintiffs Below),

v.

INDIANA DEPARTMENT OF ADMINISTRATION; GTE Telecom, Inc.; General Telephone Company of Indiana, Inc.; Intelenet Commission; and EDS Information Services Corporation, Appellees (Defendants Below).

No. 41A04–8712–CV–394.

Court of Appeals of Indiana, Fourth District.

Oct. 6, 1988.

Warren D. Krebs, David S. Richey, Parr, Richey, Obremskey & Morton, Indianapolis, Thomas R. Phillips, Edward E. Blythe, John Parks Hopkins, American Tel. and Tel. Co., Chicago, Ill., for appellants.

Virgil L. Beeler, Michael J. Huston, Mary M. Stanley, Baker & Daniels, Indianapolis, for GTE Telecom, Inc.

William M. Evans, Bose, McKinney & Evans, Indianapolis, Charles J. Somes, GTE North Inc., Fort Wayne, for GTE North, Inc.

Linley E. Pearson, Atty. Gen., William E. Daily, G. Douglas Seidman, Deputy Attys. Gen., Indianapolis, for Indiana Dept. of Admin. & Intelenet Com'n.

CONOVER, Presiding Judge.

Plaintiffs–Appellants American Telephone and Telegraph Company and AT & T Communications of Indiana, Inc., (AT & T) appeal the trial court's decision dismissing their petition for judicial review and complaint for declaratory and injunctive relief.

We reverse.

Because we reverse, we address only one issue which we restate as:

whether a petition for judicial review is properly verified if

(a) it is signed by an agent of the corporation who is not an executive or administrative officer thereof,

(b) the agent is not an attorney at law representing the corporation, and

(c) the verification contains no explanation of why an officer of the corporation did not verify the pleading.

Defendant–Appellee Indiana Department of Administration (DOA) solicited proposals for implementation and operation of the Indiana Telecommunications Network (Intelenet). Proposals were submitted by GTE Telecom, Inc. (Telecom), AT & T, and EDS Information Services Corporation (EDS). DOA notified Telecom its proposal had been selected by the State. Telecom and the State of Indiana Intelenet Commission (Commission) entered into a contract for Intelenet equipment and services. Subsequently, AT & T received written notification the State of Indiana had executed the contract for the Intelenet project with Telecom. In response, AT & T filed its original petition for judicial review.[1] Attached to the original petition was an affidavit signed by Stephen R. Pietrowicz, (Pietrowicz) which read as follows:

> Stephen R. Pietrowicz, being first duly sworn upon his oath, deposes and says that he is the Indianapolis branch manager for American Telephone and Telegraph Company and as such branch manager for said corporation, has executed the petition for judicial review and complaint for declaratory judgment and prohibitory injunction, having authority to do so and knowing the contents thereof, and states that the statements contained therein are true and correct to the best of his knowledge, information and belief.

The petition for judicial review alleged Telecom violated state and federal law in the bidding process. AT & T requested the contract be vacated and set aside, it be awarded the contract, and the DOA and Telecom be enjoined from performing the contract.

AT & T later filed supplemental affidavits regarding the verification and additional claims for the reviewing court's consideration, but after the 15 day statutory period for filing such petitions had run.[2]

The trial court dismissed AT & T's petition for judicial review because it concluded the petition was improperly verified. It also denied AT & T's request for injunctive and declaratory relief. AT & T's timely filed motion to correct errors was also denied by the trial court. AT & T appeals.

AT & T contends the trial court erred by dismissing its petition for judicial review. The Pietrowicz affidavit adequately veri-

---

1. IND.CODE 4–22–1–14 the predecessor statute of 4–21.5–5–7 reads, in part, "review may be had by filing with the circuit or superior court ... a verified petition...."

2. Cf. I.C. 4–22–1–14 the predecessor statute of I.C. 4–21.5–5–5.

fied the petition, AT & T claims. We agree.

Verifications of petitions seeking judicial review under the Administrative Adjudication Act by corporations has had a somewhat troubled history. Prior cases in this court first determined such petitions may only be verified by an executive or administrative officer of the corporation, such as the president, vice-president, secretary or treasurer, "and not by an agent or attorney." *Community Care Centers, Inc. v. Indiana Department of Public Welfare* (1984), Ind.App., 468 N.E.2d 602, 604, *trans. den'd.* Later, we said

> If the petitioner has sufficient personal knowledge of the facts and reveals his connection with the corporation, his authority to act for the corporation, and why a corporate officer or executive did not act in the premises, a petition would be properly verified.

*Gary Community Mental Health v. Department of Public Welfare* (1986), Ind. App., 496 N.E.2d 1341, 1344. While execution by a corporate officer "whenever possible" was good practice, corporate petitions not executed by executive or administrative officers do not automatically fail if the corporation's signing agent executes a verification containing the above provisions. *Id.*

Our Supreme Court recently spoke on the subject. In *Indiana Department of Public Welfare v. Chair Lance Service, Inc.* (1988), Ind., 523 N.E.2d 1373, the question was whether a corporation's attorney could verify a petition for judicial review under the Administrative Adjudication Act. The court responded in the affirmative. While stating corporations generally act in court only through agents who are licensed attorneys, the Supreme Court also said

> [t]he fundamental principles regarding the authority of an agent of a corporation are substantially the same as those applicable to agents generally.

*Chair Lance,* 523 N.E.2d at 1377. It further noted the agent must act within the

express authority granted him by the corporation under powers expressly conferred upon the corporation either by its charter or by statute. The powers granted to Indiana corporations under our general corporation act include the power "to sue and be sued in its corporate name," "to appoint such *officers and agents* as the business of the corporation may require," (emphasis in original) and "to do all acts and things necessary, convenient or expedient to carry out the purposes for which it is formed." [3] *Id.* The court ended its discussion of this subject matter by saying

> Where the corporation has conferred actual authority on its agents to act in a capacity within the scope of its powers, in a manner consistent with the creating statute, we will not further restrict the corporation. Applying well-settled agency principles will promote the interests of third parties in predictability and uniformity and conform to the legislative intent of the statutes creating the corporation. Accordingly, we conclude that the Chair Lance petition for judicial review was adequately verified. To the extent that the holdings in *Community Care* and *Gary Community Mental Health* are to the contrary, they are disapproved.

*Chair Lance,* 523 N.E.2d at 1378.

The facts in *Chair Lance* and the case before us differ in two noteworthy aspects, namely, (1) Pietrowicz was not AT & T's attorney, he was its branch manager, and (2) his verification statement did not explain why a corporate officer or executive had not executed the petition. Thus, our question becomes whether the petition at issue was properly verified under the learning of *Chair Lance.* We believe it was.

The *Chair Lance* court did not place special emphasis on the relationship of attorney-client although the agent who signed for *Chair Lance* was, in fact, the attorney representing that corporation in the court proceedings there involved. The court bottomed its explanation on the gen-

---

**3.** *Cf.* Indiana General Corporation Act, IND. CODE § 23–1–2–2(b)(2), § 23–1–2–2(b)(8), and § 23–1–2–2(b)(15), respectively.

eral law of agency as it applies to corporations. Thus, we believe the court did not intend to limit the learning of *Chair Lance* to cases involving attorneys at law only as agents of corporations. Rather, it intended the general principles of agency also to apply to cases where agents who are not officers or attorneys admitted to the practice of law execute petitions for judicial review on behalf of corporations. Thus, under *Chair Lance's* learning, Pietrowicz properly executed the petition in question as AT & T's agent, even though he was not an attorney at law.

Only one question remains: was the language of the verification sufficient, even though it did not contain an explanation of why one of AT & T's corporate or executive officers did not execute the verification? *Chair Lance* does not speak directly to this question. However, *Community Care* and *Gary Community Mental Health* are disapproved to the extent those holdings are contrary to *Chair Lance*. Thus, the question is did *Chair Lance* abrogate *Gary Community Mental Health's* requirement the verification contain an explanation of why an administrative or executive officer of the corporation did not execute the verification. We believe it did.

As noted before, the *Chair Lance* court bottomed its decision in this area upon general agency law. In a word, it said corporate agents could properly verify a petition for judicial review under an express or implied agency. Significantly absent from the *Chair Lance* decision is the need for such an explanation where the corporation's general agent executes such a petition. Thus we hold, where the verification demonstrates the verifier is the agent of the corporation for such purposes and executes the verification with personal knowledge of the matters being verified, the petition *prima facie* has been duly executed.

Finally, when the petition is verified subject to the penalty for perjury where the allegations are verified as true "to the best of information and belief", there is sufficient verification of the truth of the facts asserted. *Austin v. Sanders* (1986), Ind.,

492 N.E.2d 8, 10. Thus, Pietrowicz's verification the statements in the petition "are true and correct to the best of his knowledge, information and belief," passes muster. Because the petition was duly verified and filed within the required 15 days, the trial court had jurisdiction to entertain the petition.

Reversed and remanded for further proceedings consistent with this opinion.

MILLER and SULLIVAN, JJ., concur.