**AMERICAN TELEPHONE & TELEGRAPH COMPANY and AT & T Communications of Indiana, Inc., Appellants,**

v.

**INDIANA DEPARTMENT OF ADMINISTRATION, GTE Telecom Incorporated, GTE North, Incorporated, Intelenet Commission, and EDS Information Services Corporation, Appellees.**

No. 41A048712CV394.

Supreme Court of Indiana.

Nov. 28, 1990.

Warren D. Krebs, David S. Richey, Parr, Richey, Obremskey & Morton, Indianapolis, Thomas R. Phillips, Edward E. Blythe, John Parks Hopkins, American Tel. and Tel. Co., Chicago, Ill., for appellants.

Linley E. Pearson, Atty. Gen., William E. Daily, G. Douglas Seidman, Deputy Attys. Gen., Indianapolis, for appellees Indiana Dept. of Admin. and the Intelenet Com'n.

Virgil L. Beeler, Michael J. Huston, Mary M. Stanley, Baker & Daniels, Indianapolis, for appellee GTE Telecom Inc.

William M. Evans, Bose, McKinney & Evans, Indianapolis, for appellee GTE North Inc.

Charles J. Somes, Fort Wayne.

PER CURIAM.

Petition to transfer denied.

DeBRULER, Justice, dissenting to denial of transfer.

In this case, the trial court dismissed a petition for judicial review under the Administrative Adjudication Act because it was not properly verified. The Court of Appeals reversed, finding that the petition "prima facie has been duly executed." *American Tel. & Tel. v. Department of Admin.* (1988), Ind.App., 528 N.E.2d 1155, 1158. The majority of this Court has chosen to deny transfer. I would grant transfer and affirm the trial court.

The statutory requirement that a petition for judicial review be verified is general in nature. I.C. 4–21.5–5–7. This Court has held that the requirement is satisfied when the verifying statements are made by an attorney acting for a corporate petitioner. *Indiana Dept. of Pub. Welfare v. Chair Lance Serv.* (1988), Ind., 523 N.E.2d 1373. In the case at bar, the person making the verification is not an executive or administrative officer of the corporate petitioner, nor is he its attorney. He is instead a branch manager who asserts that he has authority to execute the petition and has personal knowledge of the matters being verified. In my view, when an employee of a corporation is designated by the officers to act as its agent and to make the final verification of so important a document for the corporation, more in the way of documentation or a specific description of the source of the designation should be required.