David GILES, M.D. & Mary Menestrina, Appellants–Petitioners,

v.

COUNTY DEPARTMENT OF PUBLIC WELFARE OF MARION COUNTY and the State of Indiana Department of Public Welfare, Appellees–Respondents.

No. 49A05–9104–CV–101.[1]

Court of Appeals of Indiana, First District.

Oct. 16, 1991.

---

**1.** This case was transferred to this office by order of the Chief Judge on September 16, 1991.

Phyllis J. Emswiller, Community Hospitals of Indiana, Inc., Indianapolis, for appellants-petitioners.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellees-respondents.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

David Giles, M.D. and Mary Menestrina appeal the dismissal of their action for medicaid payments. We reverse and remand.

## ISSUE

The sole issue for our review is whether a petition for judicial review brought by a physician provider and a Medicaid recipient (persons with standing) under the Indiana Administrative Adjudication Act ("AAA") can be verified by the petitioners' attorney, where the AAA does not require verification by the signature of the person with standing.

**2.** IND.CODE § 4–22–1–14, now I.C.

## FACTS

The Indiana Department of Public Welfare ("DPW") denied Dr. Giles authorization for payment of medical services rendered to Menestrina, a Medicaid recipient. After exhausting administrative remedies appealing the denial, Dr. Giles filed a petition for judicial review on June 29, 1990. His attorney signed the verification of the petition. On August 23, 1990, DPW filed a motion to dismiss for lack of jurisdiction alleging that the petition was verified improperly because it was not signed by Dr. Giles. The trial court granted the motion to dismiss on December 14, 1990. Dr. Giles appeals the dismissal.

## DISCUSSION AND DECISION

Dr. Giles contends that the trial court erred in determining that a petition for judicial review must be verified by a party. The pertinent section of the AAA, I.C. § 4–21.5–5–7, reads:

"(a) A petition for review must be filed with the clerk of the court.

(b) A petition for review must be verified . . ."

Dr. Giles argues that since the AAA is silent concerning who may verify the petition, a party's attorney may verify the petition instead of the party. Dr. Giles relies upon *Indiana Department of Public Welfare v. Chair Lance Service, Inc.* (1988), Ind., 523 N.E.2d 1373. The question in *Chair Lance* was whether a corporation's attorney could verify a petition for judicial review under the AAA. Our supreme court held that he could. *Id.* at 1375. The AAA[2] did not specify who could verify a petition for judicial review on behalf of a corporation. The supreme court refused to follow *Gary Community Mental Health Center, Inc. v. Indiana Department of Public Welfare* (1986), Ind.App., 496 N.E.2d 1341 and *Community Care Centers, Inc. v. Indiana Department of Public Welfare* (1984), Ind.App., 468 N.E.2d 602 (citing *Fidelity & Casualty Co. v. Carroll* (1917), 186 Ind. 633, 117 N.E. 858), in

§ 4–21.5–5–7.

which the statutes specifically placed requirements on a party, because I.C. § 4–22–1–14 did not place such requirement on Chair Lance. Another reason was that the agent in *Fidelity* did not have express, implied, or apparent authority to act on behalf of the corporation in the litigation. *Chair Lance*, 523 N.E.2d at 1377. The *Chair Lance* court stated: "Out of court, [the corporation] must act through its agents, and in court it must generally act only through an agent who is a licensed attorney." *Id.* Because Chair Lance had the authority to appoint an attorney to sue in its name, incidental acts necessary to do so, such as verification of facts within the attorney's personal knowledge, were also properly done by the attorney. *Id.* As we do not find that the holding in *Chair Lance* was limited to its facts, we follow its reasoning here. *See also American Telephone & Telegraph Co. v. Indiana Department of Administration* (1988), Ind. App., 528 N.E.2d 1155, 1158, *trans. denied*, 563 N.E.2d 113 (holding in *Chair Lance* not limited to cases involving attorneys only as agents of corporations).

The AAA remains silent as to who may verify a petition for judicial review for an individual.[3] Under Ind. Trial Rule 11, the signer who verifies a pleading must have personal knowledge thereof or reasonable cause to believe the existence of the facts stated therein. Here, the petition for judicial review facially meets the requirements of T.R. 11. Because Giles had the power to appoint an attorney to represent him, we find that that attorney had the authority to verify the pleadings as an incidental act to representing Giles. *See Chair Lance*, 523 N.E.2d at 1377. The AAA does not exclude verification by attorneys in compliance with T.R. 11; therefore, we find that the petition was verified properly. We reverse and re-

mand with instructions for the trial court to reinstate Giles's petition.

Reversed and remanded.

CHEZEM and SHARPNACK, JJ., concur.

---

**3.** DPW argues that I.C. § 4–21.5–5–3 requires a party to verify the petition. I.C. § 4–21.5–5–3, however, presents who has standing to obtain judicial review but does not prevent a person with standing to employ an attorney to sue on his behalf. Therefore, we find DPW's argument meritless.