Joseph J. KROL and Laurel
V. Krol, Petitioners,

v.

INDIANA BOARD OF TAX
REVIEW, Respondent.

No. 45T10–0601–TA–12.

Tax Court of Indiana.

June 9, 2006.

Steven A. Kurowski, Schererville, Attorney for Petitioners.

Steve Carter, Attorney General of Indiana, Dawn D. Cummings, Jennifer E. Gauger, Deputy Attorneys General, Indianapolis, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTION TO DISMISS

FISHER, J.

Joseph J. and Laurel V. Krol (the Krols) appeal the final determination of the Indiana Board of Tax Review (Indiana Board) valuing their real property for the 2002 tax year. The matter is currently before the Court on the Indiana Board's motion to dismiss.

### FACTS AND PROCEDURAL HISTORY

The Krols own commercial real property in Lake County, Indiana. For the March 1, 2002 assessment date, the Department of Local Government Finance (DLGF) assessed the Krols' property at $451,800 (land at $450,700 and improvements at $1,100). The Krols, believing the assessment to be incorrect, filed a "Petition for

Review of DLGF Action for Lake County Residents" (Form 139L) with the Indiana Board. After conducting a hearing on the Krols' Form 139L on July 7, 2005, the Indiana Board issued a final determination in which it ordered that the Krols' assessment be reduced to $175,900.

Despite the reduction, the Krols initiated an original tax appeal on February 8, 2006. On March 10, 2006, the Indiana Board moved to dismiss the Krols' appeal, claiming that the Tax Court lacks jurisdiction over the case because the Krols' petition for judicial review does not name the proper party and is not properly verified.[1] The Court conducted a hearing on the Indiana Board's motion on May 15, 2006. Additional facts will be supplied as necessary.

## ANALYSIS

Every action has three jurisdictional elements: 1) jurisdiction of the subject matter; 2) jurisdiction of the person; and 3) jurisdiction of the particular case. *Carroll County Rural Elec. Membership Corp. v. Indiana Dep't of State Revenue*, 733 N.E.2d 44, 47 (Ind. Tax Ct.2000) (citation omitted). The Indiana Board asserts that the Court lacks "subject matter jurisdiction to hear the particular case" because the Krols' petition fails to identify the DLGF as the appropriate respondent. (*See* Resp't Mot. to Dismiss at ¶ 9 (citing *Miller Vill. Props. Co., LLP v. Indiana Bd. of Tax Review*, 779 N.E.2d 986, 989 (Ind. Tax Ct.2003) and IND. CODE ANN. § 4-21.5-5-7(b)(4) (West 2006)).)

"Subject matter jurisdiction is *the power of a court to hear and determine the general class of cases to which the proceedings before it belong.*" *Musgrave*

---

1. The Indiana Board also initially alleged that the Court lacked jurisdiction because the Krols failed to include a certificate of service with their petition. The Indiana Board has since withdrawn this issue. (*See* Mot. to Dismiss Hr'g Tr. at 3.)

*v. State Bd. of Tax Comm'rs,* 658 N.E.2d 135, 138 (Ind. Tax Ct.1995) (citation omitted). A determination as to whether subject matter jurisdiction exists "depends on whether the type of claim advanced by the petitioner falls within the general scope of authority conferred upon the court by constitution or statute." *Id.* The general scope of authority conferred upon the Tax Court is governed by Indiana Code § 33–26–3–1. This statute provides that the Tax Court has "exclusive jurisdiction over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination" of the Indiana Board. IND. CODE ANN. § 33–26–3–1 (West 2006). The Krols' appeal meets both jurisdictional prerequisites: it challenges the assessment of Indiana's property tax and it requests review of a final determination of the Indiana Board. *(See* Pet'rs Ver. Pet. for Judicial Review.) Accordingly, the Court has subject matter jurisdiction over the Krols' appeal.

 "Jurisdiction over the particular case refers to the 'right, authority, and power to hear and determine a specific case within the class of cases over which a court has subject matter jurisdiction.'" *Carroll County,* 733 N.E.2d at 50 (quoting *Adler v. Adler,* 713 N.E.2d 348, 352 (Ind. Ct.App.1999)). When this Court has subject matter jurisdiction pursuant to Indiana Code § 33–26–3–1, an appeal is subject to the requirements of the Administrative Orders and Procedures Act (AOPA), as well as the Indiana Tax Court Rules. *See* IND. CODE ANN. § 6–1.1–15–5(b) (West 2006); IND. CODE ANN. § 4–21.5–5 (West 2006); Ind. Tax Court Rule 1.

Pursuant to Indiana Code § 4–21.5–5–7, a petition for judicial review must identify the persons who were parties to any proceeding that led to the Indiana Board action. A.I.C. § 4–21.5–5–7(b)(4). Similarly, Indiana Tax Court Rule 4(B)(2)(c) provides that:

[i]n original tax appeals of final determinations of the [Indiana Board] in which the [DLGF] was a party to the administrative proceedings, the [DLGF] shall be a named respondent, and, if a local government official who made an original determination under review was a party to the administrative proceeding before the [Indiana Board], such local government official shall also be a named respondent.

Ind. Tax Court Rule 4(B)(2)(c). In this case, the DLGF was the respondent in the proceeding that led to the Indiana Board's final determination. Thus, the DLGF should be a named respondent in the Krols' original tax appeal.

Admittedly, the caption of the Krols' petition lists the Indiana Board as the respondent. Nevertheless, the body of the petition explicitly states that "[a]ll persons that were parties to any proceedings leading to the final determination are [the Krols], the [Indiana] Board, and the [DLGF]." *(See* Pet'rs Ver. Pet. for Judicial Review at ¶ 4.) In addition, the Krols' petition refers the Court to an attached copy of the Indiana Board's final determination which names the DLGF as a respondent. *(See* Pet'rs Ver. Pet. for Judicial Review, Ex. A at 2.) This is sufficient to identify the DLGF as a named respondent in accordance with the requirements of AOPA and Tax Court Rule 4. *See Beach v. Beach,* 642 N.E.2d 269, 275 (Ind. Ct.App.1994) (stating that where all of the required information was contained in or attached to the petition, the court would not elevate form over substance). *See also Bd. of Zoning Appeals of Porter County, et al. v. Lake County Trust Co.,* 783 N.E.2d 382, 385 (Ind.Ct.App.2003) (stating that attached signature page met verification requirement when the verification statement clearly referred the judge to the attachment), *trans. denied; cf. with Comm'r, Indiana Dep't of Envtl. Mgmt. v. Bethlehem Steel Corp.,* 703

N.E.2d 680, 682 (Ind.Ct.App.1998) (holding that an incomplete petition failed to invoke jurisdiction because an agency order, which contained information satisfying several jurisdictional requirements, was referenced in the petition but not attached to it). Consequently, the Court is not prevented from exercising jurisdiction over the Krols' appeal "for failure to name the DLGF as a respondent."[2]

 Next, the Indiana Board contends that the Krols' appeal must be dismissed because their petition is not properly verified.[3] More specifically, the Indiana Board asserts that public policy dictates that the Krols' petition should be verified not by the Krols' attorney, but by the Krols themselves:

> It is clear that the legislature wanted the taxpayer to be more knowledgeable in [its] assessment, participate in [its] assessment, and be responsible for [its] assessment.... One of these responsibilities is verifying and taking an oath that the statements alleged in [its] petition [are] indeed true and not frivolous.... The requirements of AOPA are minimal and it is not too much to ask for the taxpayers to comply with those requirements. Allowing a petitioner's attorney to sign [the] petitioner's verification [statement] removes personal responsibility. In addition ... paying property taxes is not a one-shot deal;

they are paid every year. The DLGF does not want the taxpayer on autopilot; that is, every year the taxpayer receives [its] bill, picks up [its] phone, calls [its] attorney, and begins the protest process. Lastly ... paying [property] taxes is a civic duty and not a punishment.

(Mot. to Dismiss Hr'g Tr. at 8–9; Resp't Mot. to Dismiss at ¶¶ 11–16.)

As stated earlier, an original tax appeal is subject to the requirements of both AOPA and the Indiana Tax Court Rules. *See* A.I.C. § 6–1.1–15–5(b); A.I.C. § 4–21.5–5; Tax.Ct. R. 1. Pursuant to Indiana Code § 4–21.5–5–7, a petition for judicial review of an Indiana Board final determination must be verified. *See* A.I.C. § 4–21.5–5–7(b). Similarly, Indiana Tax Court Rule 3(B) provides that:

> [a]n original tax appeal from a final determination of the Indiana Board of Tax Review is commenced by filing a verified petition in the Tax Court.... The petition shall be verified under Trial Rule 11(B).

Ind. Tax Court Rule 3(B). *See also Bakos v. Dep't of Local Gov't Fin.*, 848 N.E.2d 377, 379 (Ind. Tax Ct.,2006) (explaining that a failure to verify a petition deprives the Tax Court of jurisdiction over the particular case).

While Tax Court Rule 3(B) and Trial Rule 11(B) explain *how* a petition for judicial review can be verified,[4] AOPA, the Tax

---

2. The real issue here is whether the petition *as a whole* names the appropriate respondent, not just whether the caption is correct. Nevertheless, the Court reminds future litigants that the caption on their petitions for judicial review should also reflect the appropriate parties.

3. "To 'verify' a legal document or petition is '[t]o confirm or substantiate by oath or affidavit; to swear to the truth of.' " *Huntington County Cmty. Sch. Corp. v. Indiana State Bd. of Tax Comm'rs*, 757 N.E.2d 235, 240 (Ind. Tax Ct.2001) (quoting BLACK'S LAW DICTIONARY 1556 (7th ed.1999)).

4. Tax Court Rule 3(B) provides that the verification shall be made pursuant to Indiana Trial Rule 11(B). In turn, Trial Rule 11(B) states:

> [w]hen ... it is required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified, or that an oath be taken, it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language:
>
> "I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.

Court Rules, and the Trial Rules are all silent as to *who* may verify a petition. Consequently, this Court finds extremely persuasive the decisions of other Indiana courts that have addressed the same issue. For example, in the 1988 decision of *Indiana Department of Public Welfare v. Chair Lance Service, Incorporated,* 523 N.E.2d 1373, 1377 (Ind.1988), the Indiana Supreme Court held that a petition for judicial review brought by a corporation under the Indiana Administrative Adjudication Act (AAA)[5] could be verified by the corporation's attorney because the AAA did not specifically indicate who may verify in such an instance. *Indiana Dep't of Pub. Welfare v. Chair Lance Serv., Inc.,* 523 N.E.2d 1373, 1377 (Ind.1988). In reaching its result, the Court explained:

> [a] corporation is a creature of statute and can neither practice law nor act in person. Out of court it must act through its agents, and in court it must generally act only through an agent who is a licensed attorney. The fundamental principles regarding the authority of an agent of a corporation are substantially the same as those applicable to agents generally.... [A corporation] ha[s] the statutory authority to appoint an attorney as its agent to exercise its power to sue in its corporate name. Incidental acts necessary and proper to effectuate this express authority include verification of pleadings if the attorney is in the

position to have personal knowledge of the verified facts.

*Id.* (internal citation omitted).

In 1991, the Indiana Court of Appeals relied on the reasoning in *Chair Lance* to hold that a petition brought by an individual under the AAA could be verified by the individual's attorney. *Giles v. County Dep't of Pub. Welfare of Marion County,* 579 N.E.2d 653, 655 (Ind.Ct.App.1991), *trans. denied.* Indeed:

> The AAA remains silent as to who may verify a petition for judicial review for an individual. Under [Indiana] Trial Rule 11, the signer who verifies a pleading must have personal knowledge thereof or reasonable cause to believe the existence of the facts stated therein. Here, the petition for judicial review facially meets the requirements of T.R. 11. Because Giles had the power to appoint an attorney to represent him, we find that that attorney had the authority to verify the pleadings as an incidental act to representing Giles. The AAA does not exclude verification by attorneys in compliance with T.R. 11[.]

*Id.* (footnote and citation omitted).

Following the reasoning of *Chair Lance* and *Giles, supra,* the Court concludes that because AOPA, the Tax Court Rules, and the Trial Rules do not preclude an attorney from verifying a petition for judicial review of an Indiana Board final determination, the Krols' petition was properly verified.[6]

---

(Signed) _____."
Any person who falsifies an affirmation or representation of fact shall be subject to the same penalties as are prescribed by law for the making of a false affidavit.
Ind. Trial Rule 11(B).

**5.** Indiana's Administrative Adjudication Act (AAA) was repealed by 1986 Ind. Acts, P.L. 18, § 2, effective July 1, 1987, and replaced by Indiana's Administrative Orders and Procedures Act (AOPA), Indiana Code § 4–21.5 (West 1987).

**6.** Counsel for the Indiana Board attempts to convince the Court that the holding in *Giles* is not applicable in this case for three reasons. "First, in *Giles* there was no separate verification statute, as there is with property tax. Second, the claim was brought under Trial Rule 11. And third, the *Giles* opinion blended the Indiana Trial Rule 11(A) requirement with Indiana Trial Rule 11(B) requirement[.]" (*See* Mot. to Dismiss Hr'g Tr. at 7.) The Court is unconvinced.

First, there is no "separate" verification statute for property tax. Indiana Code § 6–

**1190**

## CONCLUSION

For the foregoing reasons, the Indiana Board's motion to dismiss is DENIED. Going forward, the parties are instructed to correct the caption in this case to reflect the DLGF as the respondent.[7] The Court will issue, under separate cover, an order scheduling this matter for further proceedings.

SO ORDERED this 9th day of June, 2006.

1.1–15–5(b) provides that a petition for judicial review of an Indiana Board final determination shall be made pursuant to the requirements of AOPA. *See* IND. CODE ANN. § 6–1.1–15–5(b) (West 2006). In turn, AOPA merely provides that "[a] petition for review must be verified[.]" IND. CODE ANN. § 4–21.5–5–7(b) (West 2006). Similarly, when Giles filed his petition for judicial review, he was bound by the requirements of the AAA (i.e., AOPA's predecessor) which, at that time, merely required that "[a] petition for review must be verified[.]" *See Giles v. County Dep't of Pub. Welfare of Marion County,* 579 N.E.2d 653, 654 (Ind.Ct.App.1991), *trans. denied.* Because the Krols and Giles were subject to the *very same* verification statute, the Court finds it difficult to comprehend how *Giles* does not apply in this case.

As for counsel's second point, the Court does not understand counsel's claim because both the *Giles* case and this case ultimately turn on verification of a petition for judicial review made pursuant to Trial Rule 11. Because counsel has not provided sufficient explanation or clarification with respect to the claim, the argument is deemed waived. *See, e.g.,* Ind. Appellate Rule 46(A)(8)(a) (requiring that an argument be supported by coherent reasoning with citations to the authorities and statutes).

With respect to counsel's third claim, counsel is apparently arguing that verifying a petition under Trial Rule 11(B) (i.e., making a representation that the attorney "had personal knowledge [ ]of or reasonable cause to believe the existence of the facts or matters stated or alleged [in the petition]") goes above and beyond the attorney's obligation to sign the petition under Indiana Trial Rule 11(A), which merely "constitutes a certificate by him that ... *to the best of his knowledge, information, and belief,* there is good ground to support [the petition]." *(See* Mot. to Dismiss Hr'g Tr. at 7–9 (quoting Ind. Trial Rule 11(A), (C)).) In other words, counsel seems to be arguing that it makes no sense to have an attorney verify a petition when, in reality, the attorney is not required to have personal knowledge of the facts contained in a petition under Trial Rule 11(A).

The Krols' attorney is not required to have personal knowledge of the facts in order to properly verify the petition. As our supreme court has stated, a belief that a representation is true "may arise from personal observation, from sight or from sound, from information derived from others, or as the result of a logical conclusion from other known facts." *Austin v. Sanders,* 492 N.E.2d 8, 10 (Ind. 1986). Here, the Krols' attorney could have rested his belief that the representations contained in the petition were true on the basis of someone else's personal knowledge and reasonable inferences based on that personal knowledge.

7. Consequently, the Indiana Board is dismissed as a party to this case.