**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 29 2013, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**PHILIP R. DAVIS**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**JAMES P. FENTON**
**TIMOTHY A. MANGES**
Eilbacher Fletcher, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PHILIP R. DAVIS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1209-PL-385 |
| | ) | |
| CITY OF FORT WAYNE, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ALLEN CIRCUIT COURT
The Honorable Thomas J. Felts, Judge
Cause No. 02C01-1206-PL-43

**May 29, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

In this consolidated appeal, Philip Davis appeals the trial court's dismissals of his complaints for judicial review. We affirm.

**Issue**

Davis raises one issue, which we restate as whether his complaints were timely filed.

**Facts**

Davis owns property at 5105 Hoagland Avenue and 5405 South Harrison Street in Fort Wayne. On April 10, 2012, the City of Fort Wayne ("the City") issued orders requiring Davis to demolish the structures on the properties. A hearing on the demolition orders was conducted by a hearing officer on May 22, 2012. Davis attended the hearing, and the demolition orders were affirmed. The hearing officer issued written orders, which were notarized on May 29, 2012, and mailed to Davis. On June 4, 2012, Davis filed complaints for judicial review of the demolition orders. On June 20, 2012, the City filed motions to dismiss Davis's complaints because they were untimely. On July 2, 2012, Davis responded to the motions to dismiss. On July 5, 2012, after a hearing, the trial court granted the City's motions to dismiss with prejudice. Davis now appeals.[1]

**Analysis**

Davis claims that the trial court improperly dismissed his complaints for judicial review because they were timely filed. "The standard of appellate review of rulings on

---

[1]  Davis filed separate notices of appeal and the cases were separately briefed under cause numbers 02A03-1209-PL-385 and 02A03-1209-PL-387. On April 12, 2013, the cases were consolidated under cause number 02A03-1209-PL-385.

motions to dismiss on jurisdictional grounds depends on whether the trial court resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record." Wayne Cnty. Prop. Tax Assessment Bd. of Appeals v. United Ancient Order of Druids-Grove No. 29, 847 N.E.2d 924, 926 (Ind. 2006). "We review de novo a ruling on a motion to dismiss for lack of jurisdiction if the facts are not disputed or, as here, the court rules on a paper record." Id. Because the facts are undisputed and no evidentiary hearing was conducted, we review the dismissal de novo.

Indiana Code Section 36-7-9-5(a)(6) permits an enforcement authority[2] to issue an order requiring the demolition of an unsafe building. Indiana Code Section 36-7-9-7 requires that an evidentiary hearing be conducted by a hearing authority regarding certain orders, including demolition orders, issued by an enforcement authority.

> At the conclusion of any hearing at which a continuance is not granted, the hearing authority may make findings and take action to:
>
> (1) affirm the order;
>
> (2) rescind the order; or
>
> (3) modify the order, but unless the person to whom the order was issued, or counsel for that person, is present at the hearing, the hearing authority may modify the order in only a manner that makes its terms less stringent.

---

[2] "'Enforcement authority' refers to the chief administrative officer of the department, except in a consolidated city. In a consolidated city, the division of development services is the enforcement authority, subject to IC 36-3-4-23." Ind. Code § 36-7-9-2.

Ind. Code § 36-7-9-7(d) (emphasis added).  Indiana Code Section 36-7-9-8 permits judicial review of an action taken under Indiana Code 36-7-9-7(d) and provides in part:

> (b) A person requesting judicial review under this section must file a verified complaint including the findings of fact and the action taken by the hearing authority.  The complaint must be filed within ten (10) days after the date when the action was taken.

(Emphasis added.)

The parties do not dispute that the hearing authority affirmed the demolition orders at the conclusion of the May 22, 2012 hearing.  Thus, according to the City, the action was taken on May 22, 2012, for purposes of the ten-day limit to file a complaint for judicial review.  The City contends that Davis's June 4, 2012 complaints were untimely. Davis responds by arguing that the ten-day limit did not begin until the hearing officer signed the written orders on May 29, 2012 and, therefore, his June 4, 2012, complaints were timely.

Davis argues that, without a written order, he could not prepare a verified complaint as required by Indiana Code Section 36-7-9-8(b).  Davis suggests that, in the absence of a written order, he would have to record the hearing himself or take laborious notes while testifying to comply with the verification requirement.  This overstates the verification requirement.  Under Indiana Trial Rule 11, the signer who verifies a pleading must have personal knowledge thereof or reasonable cause to believe the existence of the facts or matters stated or alleged therein.  See Giles v. Cnty. Dep't of Pub. Welfare of Marion Cnty., 579 N.E.2d 653, 655 (Ind. Ct. App. 1991), trans. denied.  Thus, as long as Davis had personal knowledge of the facts asserted in the complaints or reasonable cause

4

to believe the matters asserted in the complaints, the verification requirement would have been satisfied.[3] We are not persuaded that a written order must be issued to satisfy the verification requirement of Indiana Code Section 36-7-9-8(b).

Davis also argues that requiring a written order allows the hearing officer to confirm the accuracy of the directive and to correct any confusion created by the verbal order. Although that may be the case, it does not mean that a written order is legally required or that the signing of a written order starts the clock for purposes of the ten-day limit for seeking judicial review. We turn to the statutory framework for the resolution of those issues.

Davis contends that a written order is statutorily required because Indiana Code Section 36-7-9-7(i), provides, "[t]he record of the findings made and action taken by the hearing authority at the hearing shall be available to the public upon request." We also are not persuaded by this argument because that subsection goes on to state, "[h]owever, neither the enforcement authority nor the hearing authority is required to give any person notice of the findings and action." I.C. § 36-7-9-7(i).

In Starzenski v. City of Elkhart, 659 N.E.2d 1132 (Ind. Ct. App. 1996), trans. denied, cert. denied, we addressed a similar argument. In that case, Sophie, Kazmer, and Gennie Starzenski owned property in Elkhart. Sophie received notice of an October 29, 1992 hearing on an enforcement authority order requiring the removal of trash from the premises. Starzenski, 659 N.E.2d at 1135. Sophie appeared at the hearing, offered

---

[3] Although Davis's complaints include almost verbatim recitations of the written orders, there is no indication that such was required to satisfy the verification requirement.

5

evidence, cross-examined witnesses, and presented argument. Id. The hearing authority affirmed the order and notified Sophie of her right to appeal the decision within ten days. Id. at 1136. Sophie did not appeal or clean the premises and, when workers began cleaning the premises on February 8, 1993, Sophie sought and received a temporary restraining order. Id. When Sophie's request for a preliminary injunction failed, she appealed arguing that the ten-day limit did not apply because she was never served with written notice of the hearing authority's action. Id. at 1136-37.

After analyzing Indiana Code Section 36-7-9-7(i), we concluded:

> Indiana Code 36-7-9 does not require the hearing authority to serve written notice of its decision on the parties. The Hearing Authority informed Sophie of his findings and action at the conclusion of the hearing, and specifically informed her of the 10-day appeal procedure. This satisfies the statutory requirements, and triggered the 10-day appeal period.

Id. at 1137.[4]

Relying on Indiana Code Section 36-7-9-7(d), we further concluded that the hearing authority took action at the conclusion of the October 29, 1992 hearing when it affirmed the enforcement authority's order and the Starzenskis failed to appeal from that action within the requisite time period, waiving their challenge to the hearing authority's decision and the enforcement authority's order. Id.

Davis attempts to distinguish Starzenski by arguing that, unlike the Starzenskis, who did not receive any written order and never filed an appeal of the hearing authority's decision, "the delay in the availability of the record reasonably delayed his ability to file

---

[4] Davis makes no argument regarding whether he was informed of the 10-day limit at the hearing, and were not provided with a transcript of the hearing.

an appeal." Appellant's Br. p. 8. We disagree. Absent statutory authority, we do not believe that the hearing officer's issuance of written orders extended or altered the time limit for seeking judicial review of those decisions. Following the reasoning in Starzenski, the hearing officer took action when it affirmed the demolition orders at the May 22, 2012 hearing, not when it signed the written orders on May 29, 2012. Thus, Davis was required to file complaints for judicial review no later than June 1, 2012, and his June 4, 2012 complaints were untimely.[5]

## Conclusion

Because the hearing officer affirmed the demolition orders at the conclusion of the May 22, 2012 hearing, Davis's June 4, 2012 complaints were untimely. The trial court properly dismissed the complaints. We affirm.

Affirmed.

NAJAM, J., and BAILEY, J., concur.

---

[5] Davis also argues that due process requires a reasonable amount of time to prepare the complaint. This argument, however, is not supported with citation to authority and is waived. See Romine v. Gagle, 782 N.E.2d 369, 386 (Ind. Ct. App. 2003) ("A party generally waives any issue for which it fails to develop a cogent argument or support with adequate citation to authority and portions of the record."), trans. denied; Ind. Appellate Rule 46(A)(8)(a) (requiring each contention to be supported by citations to authorities, statutes, and the Appendix relied on).